Judge Marshall

delivered the Opinion of the Court.
In January, 1837, Chandler and Robertson entered into a written agreement, whereby the former, a resident of Mason county, agreed to deliver to the latter, five hundred hogs, of designated weight and quality, between the 10th and 25th of October following—“optionary with the purchaser;” for which Robertson agreed to pay a stipulated price per hundred pounds. On this agreement Chandler, the vendor, brought the present action of covenant, to recover the difference between the contract price and the market price of the hogs, the price having fallen after the date of the contract.
The original declaration was adjudged insufficient on demurrer; a demurrer to the amended declaration was overruled, and nine of ten pleas filed by the defendant, having been adjudged bad on demurrer, issue was taken on the tenth alone; which averred that the person by whom the writing declared on had been executed on the part of the plaintiff was not authorized to execute it, and that the contract had not been ratified by the plaintiff since. On this issue, a verdict was found for the plaintiff, and his damages assessed at nineteen hundred and seventy five dollars. But the judgment was arrested on the ground that the declaration showed no cause of action; and the plaintiff having refused to amend, a judgment in bar was rendered against him, for the reversal of which he prosecutes this writ of error.
Contract, in Jan. ’37, for the sale of 500 hogs, to be delivered between the 10th and 25th of October following, ‘optionary with the purchaser:" who agreed to pay for them, at the delivery, at so much per 100 lbs. Action of covenant by the vendor against and pay for the hogs. The dec’n recited, and construed, as containing, as to the pltff's readiness to perform the agreement on his part, only averments that, if he had received reasonable notice that the deft. the purchaser, had designated either of the days within his option for the delivery of the hogs, he, the pltf. would have been ready to deliver them on that day; buf no allegation that the plaintiff was, at any time, actually prepared, ready and willing to deliver the hogs, according to contract.
The covenants being mutual and to be performed simultaneously, either party, suing for a breach by the other, must show that he was himself prepared, ready and willing to perform his part, at the proper time and place. He cannot rely upon the deft’s inability or unwillingness, with out showing that he was himself able and ready. And—
*292 Upon the state of the record as above recited, it is apparent that the issue tried by the jury, involved no enquiry as to the acts or omissions of the parties under the contract; and therefore the declaration, so far as the cause of action depends upon such acts or omissions, derives no aid from the verdict, but must stand as if there had been no issue, but a writ of enquiry only, upon a default. In which case, if the declaration were defective in substance, the plaintiff would not be entitled to judgment; and, upon his failure to amend, judgment should be rendered against him as upon demurrer.
The declaration avers that the plaintiff owned and possessed, in the county of Mason, five hundred hogs of the requisite weight and description, from the 10th to the 25th of October, 1837, inclusive, and on each and all of said days, up to the latest convenient hour of the last day; and that he was, during the whole of said time, ready and willing to weigh and deliver the same to the defendant, at his, said defendant’s, residence in the county of Mason, “upon receiving reasonable notice of the time when he, the said defendant, would name, choose and elect, for him, said plaintiff, to deliver said hogs to him, said defendant, and on his, defendant’s, being ready and willing, to pay to him, said plaintiff,” the price stipulated. But that the defendant did not name, choose and elect (and give the plaintiff reasonable notice of the day or time so chosen,) any day or time between the said 10th and 25th days of October, 1837, inclusive, when the plaintiff should weigh and deliver the said hogs, but wholly neglected, failed and refused to do so.
Thus far, the declaration evidently places the right of recovery, not upon the plaintiff’s absolute readiness to deliver, either during the whole time mentioned in the agreement, or on the last day, or at any other time within the prescribed period; but upon his ability and willingness to get ready to deliver at any time within the said period which might have been selected by the defendant, if the defendant had given him reasonable notice thereof; and upon the failure of the defendant to select any time, and give him reasonable notice thereof. And we think the questions arising upon this presentation of the case *293 are not materially varied by the facts subsequently stated; which are in effect as follows.
Tho’ the purchaser, in this case, would have been bound to give the vendor reasonable previous notice of the day on which he would apply for and receive the hogs, if he had selected any day previous to the last that he might select-the vendor, as pltf. suing for a breach on the part of the deft. the purchaser, must aver, in his dec'n, not only that the deft. failed to designate a day for the delivery; but that he, the pltf. wo’d have been ready, on receiving reasonable notice, on any of the days which the deft. had a right to designate, but that, on the last of those days—which was the day for performance, if no earlier day was fixed by the deft.—he was actually prepared with the hogs & ready and willing to deliver them, according to the contract. And for want of such allegations, the dec’n is fatally defective, and the judgment was properly arrested.
That, on the 11th day of October, 1837, the defendant, without previous notice, went to the residence of the plaintiff, when plaintiff was absent, and on being informed by his wife, who proposed sending for him, that he was on a farm belonging to him, about two miles distant, said it was unnecessary to send, that he had come after said hogs, and that the plaintiff was not then and there ready to deliver them, and immediately departed; that, on the same day the plaintiff, sought him, and found him at about two o’clock P. M. and informed him that he was then ready, at his residence aforesaid, to deliver the said hogs &c. but the defendant then and there refused to receive said hogs. The plaintiff then avers his readiness and willingness, during the whole period, to deliver &c. upon receiving reasonable notice of the time when the delivery would be required, or within a reasonable time after he should receive such notice, or have such demand made; that the defendant, on the 11th of October, remained at plaintiff’s residence less than half an hour, and refused to give reasonable time to prepare and to weigh and deliver the hogs; and that he failed and refused to return afterwards, and also refused to name or elect any other day for the delivery. And further, that, on the 11th of October, the defendant was unable and unwilling to pay for the hogs according to the terms of the contract.
These allegations seem to have been intended for no other purpose but to excuse the failure to deliver the hogs on the 11th, or to show that the demand then made, was not a due exercise of the option given to the defendant by the contract, or to obviate the effects of the demand and failure to deliver on that day; and to show that the plaintiff had not thereby broken the contract on his part, nor forfeited his right under it. But conceding that the allegations are sufficient for either or all of these purposes, still the plaintiff’s cause of action, as it appears on the declaration, is not strengthened by introducing and obvi *294 ating an objection which should have come from the other side. The averment that the plaintiff was ready and willing to deliver &c. within a reasonable time after request or demand, is perhaps an exception to these observations ; but it scarcely adds any thing substantial to the previous allegation, that he was ready on receiving reasonable notice.
Admitting that a failure to deliver the hogs on demand on the 11th of October, or any other day before the 25th, would not have constituted a breach of the plaintiff’s covenant, unless there had been reasonable notice of the time when the demand would be made, or a reasonable time allowed afterwards, for making or preparing to make the delivery; we think it entirely clear that, neither the fact of the defendant’s making a demand on the 11th, without notice, nor his failure to wait at the residence of the plaintiff longer than he did, to ascertain whether the hogs would be delivered, when he saw none, and was not informed that they were ready to be delivered, or that they would be ready in a reasonable time, did not constitute a breach of his covenant. He was not bound to pursue his demand on that occasion, by waiting an indefinite time at the residence of the plaintiff; much less was he bound to return when, at a late hour of the day, and at some uncertain distance, perhaps half a day’s ride, he was informed by the plaintiff that he was then ready to deliver the hogs at his residence. It is not even averred that the hogs were then in fact at the plaintiff’s residence, but only that he told the defendant that he was ready to deliver them there. “That he then refused to receive them,” means nothing more than that he refused to return. And even if, after having abandoned his demand, he had, on the same day, been at the residence of the plaintiff for another purpose, he would not have been bound then to receive the hogs, and the plaintiff would not, even by an actual tender and refusal, have absolved himself from his part of the contract, or acquired a right of action against the defendant.
If, as is contended on the part of the defendant, the plaintiff was bound, by reason of the option given to the purchaser, to be at all times ready instantly to deliver the *295 hogs, whenever, between the 10th and 25th days of October, they should be demanded, the declaration would be clearly insufficient for the want of an averment of such readiness: if, indeed, it does not conclusively show that there was not such readiness. But the opinion of this Court inclines against this construction of the contract. And as, upon the other construction which has been noticed, the facts connected with the demand made on the 11th of October, do not give a right of action to the plaintiff, the sufficiency of the declaration depends upon the sufficiency of the averment of readiness and willingness as above recited.
It is well settled that, in cases of mutual and dependant covenants to be performed at the same time, neither party can maintain an action without averring performance, or a tender or offer of performance, or at least a readiness to perform his part of the contract. One party may, by his absence or omission, or by some positive act, prevent full performance, or even entire readiness to perform, on the other side; but it is still the duty of the other party, if he does not abandon the contract, to proceed in the performance, and at least to be ready, as far as the preventing cause does not fairly operate to prevent or dispense with it. And neither party can maintain an action merely and simply on the ground that the other has not performed his covenant.
The covenant of the plaintiff is to deliver hogs between the 10th and 25th of October, the time of delivery between those days being at the option of the defendant. It is conceded to the plaintiff, that a reasonable time for delivery must be allowed after the option is made known, if the delivery is required before the last day. And this case stands as if there had been no option by the purchaser, to receive the hogs before the last day. There was in fact no demand on that day, and no sufficient designation of any previous day. Did this circumstance deprive the defendant of the right of requiring performance on the last day, and absolve the plaintiff entirely from his obligation? Or did not the failure to give notice for any previous day, rather fix the last day as the time of performance, and give to each party the unconditional right *296 then to require it? The number of days within which the contract might have been performed, and the consequent uncertainty, on the one side, as to the day on which performance would be required by the party having the option as to time, constituted the sole ground of the right to reasonable notice on the other side. But as the last day approached, this uncertainty diminished, and when the last day came it ceased entirely, and the parties stood as if that had been the only day named in the contract, for mutual performance. When, if either party meant to insist on performance by the other, or to render him liable for nonperformance, he must, as he certainly could, have offered, of at least shown a readiness and willingness, to perform his part.
If then the plaintiff was not bound to be ready during the whole time, to deliver the hogs whenever demanded, which, without absolutely deciding, is conceded in this case, we are of opinion that he was bound to be, and he certainly was not prevented or excused by the want of previous notice from being, unconditionally ready on the last day, in order to entitle himself to claim damages for the non-performance of the defendant; and that the failure of the defendant to demand performance, or to be ready or even able on his part, does not of itself give cause of action against him.
But the declaration, as already shown, makes no averment of readiness, except upon the condition of notice previous to a demand, or delay afterwards. It does not appear, therefore, that if the defendant had, on the last day &c. been ready at the plaintiff’s residence, to receive and pay for the hogs, the plaintiff was then and there ready to deliver them. Whether, then, the averment of readiness alone, without averring some act indicating the plaintiff’ willingness and ability to deliver the hogs, might or not be requisite, we are clearly of opinion, that the general averment of readiness and willingness to deliver in a reasonable time after notice, of after demand, is insufficient; and that the declaration does not entitle the plaintiff to his action.
Wherefore, the judgment is affirmed.