CASE 81—ACTION FOR DAMAGES FOR BREACH OF CONTRACT
—MAY 24.

# Fairmount Glass Works v. Crunden-Martin Wooden Ware Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

SALES OF PERSONAL PROPERTY—CONTRACT BY CORRESPONDENCE.—To
an inquiry by letter by the appellee addressed to the appellant
for the lowest price with terms on ten car-loads of Mason jars
complete with caps, the appellant replied fixing the price for
immediate acceptance and shipment not later than May 15th.
To this letter the appellee responded by telegram accepting the
offer and referring to specifications mailed. Held, The corres-
pondence made a complete contract and appellant's refusal to
furnish the articles rendered it liable for damages.

W. W. THUM AND HUMPHREY & DAVIE FOR THE APPELLANT.

1. There was no completed contract, because there was no agree-
   ment as to the numbers of the different sizes of jars, or as to the
   amount of the purchase price, dependent on these different sizes.
   Tiedeman on Sales, sec. 33; Smith v. Gowdy, 8 Allen (Mass),
   566; Newmark on Sales, sec. 30; Fairview v. Facey, Law Re-
   ports, Appeal Cases, for 1893, p. 552; Am. & Eng. Ency. of Law
   (2d ed.), vol. 7, p. 138; Adams v. Greenwood, 69 Mich., 215;
   Beaupre v. Pac. Co., 21 Minn., 155; Moulton v. Kershaw, 48 Am.
   Rep., 516 (59 Wis., 316).
2. There was no adequate allegation, nor was there any adequate
   proof of any "custom" that would make this a completed con-
   tract. Eagle Dist. Co. v. McFarland, 14 Ky. Law Rep., 860;
   Houston v. Peters, 1 Met., 562; Jones on Construction of Com-
   mercial Contracts, secs. 110 and 112.
3. The defendant's letter only related to jars of *medium* quality.
   Plaintiff's letter proposed jars of "strictly first quality." This
   was not an acceptance, in the terms of the offer, and therefore
   there was no completed contract. Sweat v. Shumway, 3 Am.
   Rep., 471 (102 Mass., 365); Richardson v. Niles, 78 Am. Dec.,
   293 (11 Oh. St., 55); Hart v. Hoey, 35 Am. Dec., 573; 23 Wend.,
   350); Newmark on Sales, sec. 33.
4. Defendant's letter was for the delivery at East St. Louis, "Ill."
   Plaintiff proposed the delivery to be in St. Louis, Mo., and at

the homes of plaintiff's customers. This was a rejection of our offer, and a new proposition. Newmark on Sales, sec. 40; Bishop on Contracts, sec. 373; Sawyer v. Brossart, 56 Am. Rep., 371; Potts v. Whitehead, 23 N. J. Eq., 512.

5. Defendant's letter required the plaintiff to say whether he would pay by sixty days' acceptance, or in cash with two per cent. off. The plaintiff never accepted that part of the proposition, by saying which he would do. Therefore there was no completed trade. Potts v. Whitehead, 23 N. J. Eq., 512; Newmark on Sales, secs. 30, 41.

6. Defendant's letter was for a sale of ten car-loads as an entirety, and the law implied the right in defendant to select the days of delivery, and the number of deliveries. Plaintiff rejected this by proposing to split the deliveries into ten days, the plaintiff to have the right to name the different sizes of jars to be delivered each day, and the dates of each delivery. This was equivalent to a rejection of our proposition, and a counter offer. Waddington v. Oliver, 2 Bosanquet & Puller, N. S., p. 61; Metz v. Albrecht, 52 Ill., 492; Bishop on Contracts, sec. 785; Newmark on Sales, sec. 129; Benjamin on Sales, sec. 519; Williamson v. Johnston, 4 Mon., 253; Smith v. Quincy, 4 Greenleaf, 500; Wheeler v. New Brunswick R. R., 115 U. S., 38; Benjamin on Sales, sec. 1023.

7. Plaintiff's petition was not sufficient to support a judgment for anything beyond nominal damages, because it failed to allege any facts showing that the market price of jars had risen within the contract period, or that the plaintiff had endeavored to buy them in the market at the contract price and could not do so. Ky. Tobacco Assn. v. Ashby, 9 Ky. Law Rep., 111; Miles v. Miller, 12 Bush, 137; Sedgwick on Damages, sec. 1261; Thompson v. Gould, 16 Abbott's Practice Reports, N. S., 424; Richardson v. Jones, 1 Nev., 408; Rose v. Perry, 8 Yerger, 157.

O. A. WEHLE AND A. M. RUTLEDGE FOR APPELLEE.

1. Where in an answer to an inquiry by a merchant for the lowest price which the manufacturer would make to him for a definite quantity of goods the manufacturer mentions prices, time, and place of delivery, and terms of payment "for immediate acceptance," the answer is not merely a price list, but an offer, though the words "we quote you" are used. Fitzhugh v. Jones, 6 Munf., 83; distinguished from Smith v. Gowdy, 6 Allen, 566; Fairview v. Facey, L. R. App. Cases, 1893, p. 552; Thomas v. Greenwood, 69 Mich., 215; Beaupre v. Telegr. Co., 21 Minn., 155, and Moulton v. Kershaw, 59 Wis., 316, cited for appellants.

2. Where an offer to sell ten car-loads of goods—a car-load being

one hundred gross of any size—mentions the different prices for the different sizes without specifying the quantity of each size, the acceptance of the offer constitutes a valid contract, the one or the other party, according to the terms of the contract or custom, having after the contract is closed the right of electing one of the several possible modes of performance.    Dambman Bros. v. Lorentz, 70 Md., 382; Smith v. Quincy, 4 Greenl., 500; Wheeler v. R. R. Co., 115 U. S., 34; Jenkins v. Green, 27 Beav. Ch., 436; Williamson v. Johnston, 4 Mon., 253; Thomas v. Greenwood, 69 Mich., 215; Metz v. Albrecht, 52 Ill., 492.   So, in regard to dates of delivery:   Wheeler v. R. R. Co., *supra;* Sousely v. Burns, 10 Bush, 87, and as to terms of payments, Rugg v. Weir, 16 C. B. U. S., 471.

3. Where in a mercantile negotiation one party makes to the other an offer in a form which presents several modes of performance and shows indifference as to the mode of performance, he thereby intends to give to the other party the right of electing the mode of performance. Sousely v. Burns, 10 Bush, 87.

4. It is a question of construction which party to a contract has the election among several possible modes of performance. Dambman v. Lorentz, 70 Md., 382; Smith v. Quincy, 4 Greenl., 500; Thomas v. Greenwood, 69 Mich., 215; Metz v. Albrecht, 52 Ill., 492. Only if the contract is not capable of construction the ancient rule laid down by Coke prevails which gives the election to the first agent. Jenkins v. Green, 27 Beav., 436; Wheeler v. R. R. Co., 115 U. S., 34. If the party who has the right of election refuses to perform, the right of election passes to the other side. Williamson v. Johnston, 4 Mon., 253.

5. If after the acceptance of an offer has closed the contract, one party, by subsequent communication, asks for or suggests a modification of the terms, this neither shows that the minds have not met, nor justified rescission, but the other party must make tender according to the terms of the contract. Wheeler v. R. R. Co., 15 U. S., 34.

6. A suggestion of modification of terms in a letter subsequent to the acceptance can not make the letter conditional. Hutchinson v. Blakeman, 3 Met., 80. Even if the suggestion of or requirement for modification of the terms comes in the same letter which contains the acceptance of the offer, it will not prevent a contract from arising, if it be clear from the context that the acceptance is not intended as a conditional acceptance. Fitzhugh v. Jones, 6 Munf., 83; Matteson v. Scofield, 27 Wis., 671; Phillips v. Moore, 71 Me., 81; Cheney v. Eastern Transportation Line, 59 Md., —, distinguished from Blakeman v. Hutchinson, 3 Met., 80, and from Sawyer v. Brossart, 67 Ia., —; Beat-

tie v. Allison, 77 Ia., —; Hutchinson v. Bowker, 5 M. & W., 535; Potts v. Whitehead, 23 N. J., 29; Appleby v. Johnson, L. R., 9 C. P., cited for appellants.

7. Whether the terms of the acceptance are identical with those offered is a question of fact, where they are apparently not so. Hutchinson v. Bowker, 5 M. & W., 535.

8. A custom of trade to explain unexpressed terms of the contract may be proved without being pleaded. Lowe v. Lehman, 15 Ohio St., 179; Breen v. Moran, 53 N. W., 755; Hewitt v. John Weeks Lumber Co., 77 Wis., 548. Otherwise where custom gives unusual significance to terms used. McKee v. Wild (Ia.), 71 N. W. R., 958. Cases dist. from Eagle Dist. Co. v. McFarland (Sup. Ct.), 14 Ky. Law Rep., 860.

9. Where only general damages are claimed at the trial for the breach of a contract of sale the petition need not contain a particular statement of the damage, but only a statement that the plaintiff is damaged by the breach and of the amount of damage claimed. Chitty on Contr. 1, side p. 338; 2 (269, 270); 5 Am. & Eng. Ency. of Pl. & Pr., 711, 717; Peters v. Cooper, 95 Mich., 191; Riverside Coal Co. v. Holmes, 36 Neb., 858; Richter v. Meyers, 5 Ind. App., 133; Canover v. Malinke, 71 Wis., 108; distinguished from Kentucky Tobacco Assn. v. Ashby, 9 Ky. Law Rep., 111; Miles v. Miller,, 12 Bush, 137; Richardson v. Jones, 1 Nev., —; Rose v. Perry, 1 Yerg., ——; Thompson v. Gould, 16 Abb. P. 512 cited. The statement that the damages claimed are the difference between contract and market price satisfies even the cases in 16 Abb. Pr. R. and 1 Nev., Miles v. Miller cited. The statement in a petition asking for general damages on an erroneous principle of calculation does not hurt. Hudson v. Archer, 55 N. W. R., 1099.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

On April 20, 1895, appellee wrote appellant the following letter:

"St. Louis, Mo., April 20, 1895. Gentlemen: Please advise us the lowest price you can make us on our order for ten car loads of Mason green jars, complete, with caps, packed one dozen in case, either delivered here, or f. o. b. cars your place, as you prefer. State terms and cash discount. Very truly, Crunden-Martin W. W. Co."

To this letter appellant answered as follows:

"Fairmount, Ind., April 23, 1895.      Crunden-Martin Wooden Ware Co., St. Louis, Mo.—Gentlemen: Replying to your favor of April 20th, we quote you Mason fruit jars, complete, in one-dozen boxes, delivered in East St. Louis, Ill.: Pints, $4.50; quarts, $5.00; half gallons, $6.50 per gross, for immediate acceptance, and shipment not later than May 15, 1895; sixty days' acceptance, or 2 off, cash in ten days. Yours truly, Fairmount Glass Works.

"Please note that we make all quotations and contracts subject to the contingencies of agencies or transportation, delays or accidents beyond our control."

For reply thereto, appellee sent the following telegram on April 24, 1895:

"Fairmount Glass Works, Fairmount, Ind.: Your letter twenty-third received. Enter order ten car loads as per your quotation. Specifications mailed. Crunden-Martin W. W. Co."

In response to this telegram, appellant sent the following:

"Fairmount, Ind., April 24, 1895. Crunden-Martin W. W. Co., St. Louis, Mo.: Impossible to book your order. Output all sold. See letter. Fairmount Glass Works."

Appellee insists that, by its telegram sent in answer to the letter of April 23d, the contract was closed for the purchase of ten car loads of Mason fruit jars. Appellant insists that the contract was not closed by this telegram, and that it had the right to decline to fill the order at the time it sent its telegram of April 24th. This is the chief question in the case. The court below gave judgment in favor of appellee, and appellant has appealed, earnestly insisting that the judgment is erroneous.

We are referred to a number of authorities holding that a quotation of prices is not an offer to sell, in the sense

that a completed contract will arise out of the giving of an order for merchandise in accordance with the proposed terms. There are a number of cases holding that the transaction is not completed until the order so made is accepted. 7 Am. & Eng. Enc. Law (2d Ed.), p. 138; Smith v. Gowdy, 8 Allen, 566; Beaupre v. P. & N. A. Telegraph Co., 21 Minn., 155.

But each case must turn largely upon the language there used. In this case we think there was more than a quotation of prices, although appellant's letter uses the word "quote" in stating the prices given. The true meaning of the correspondence must be determined by reading it as a whole. Appellee's letter of April 20th, which began the transaction, did not ask for a quotation of prices. It reads: "Please advise us the lowest price you can make us on our order for ten car loads of Mason green jars. . . . State terms and cash discount." From this appellant could not fail to understand that appellee wanted to know at what price it would sell it ten car loads of these jars; so when, in answer, it wrote: "We quote you Mason fruit jars . . . pints $4.50, quarts $5.00, half gallons $6.50 per gross, for immediate acceptance; . . . 2 off, cash in ten days,"—it must be deemed as intending to give appellee the information it had asked for. We can hardly understand what was meant by the words "for immediate acceptance," unless the latter was intended as a proposition to sell at these prices if accepted immediately. In construing every contract, the aim of the court is to arrive at the intention of the parties. In none of the cases to which we have been referred on behalf of appellant was there on the face of the correspondence any such expression of intention to make an offer to sell on the terms indicated.

In Fitzhugh v. Jones, 6 Munf., 83, the use of the expression that the buyer should reply as soon as possible, in case he was disposed to *accede* to the terms offered, was held sufficient to show that there was a definite proposition, which was closed by the buyer's acceptance. The expression in appellant's letter, "for immediate acceptance," taken in connection with appellee's letter, in effect, at what price it would sell it the goods, is, it seems to us, much stronger evidence of a present offer, which, when accepted immediately closed the contract. Appellee's letter was plainly an inquiry for the price and terms on which appellant would sell it the goods, and appellant's answer to it was not a quotation of prices, but a definite offer to sell on the terms indicated, and could not be withdrawn after the terms had been accepted.

It will be observed that the telegram of acceptance refers to the specifications mailed. These specifications were contained in the following letter: "St. Louis, Mo., April 24, 1895. Fairmount Glass Works Co., Fairmount, Ind.— Gentlemen: We received your letter of 23d this morning, and telegraphed you in reply as follows: 'Your letter 23d received. Enter order ten car loads as per your quotation. Specifications mailed,'—which we now confirm. We have accordingly entered this contract on our books for the ten cars Mason green jars, complete, with caps and rubbers, one dozen in case, delivered to us in East St. Louis, at $4.50 per gross for pint, $5.00 for quart, $6.50 for one-half gallon. Terms, sixty days' acceptance, or 2 per cent. for cash in ten days, to be shipped not later than May 15, 1895. The jars and caps to be strictly first quality goods. You may ship the first car to us here assorted: Five gross pint, fifty-five gross quart, forty gross one-half gallon. Specifications for the remaining nine cars we will send later. Crunden-Martin W. W. Co."

It is insisted for appellant that this was not an accept-
ance of the offer as made; that the stipulation, "The jars
and caps to be strictly first-quality goods," was not in their
offer; and that, it not having been accepted as made, ap-
pellant is not bound. But it will be observed that appel-
lant declined to furnish the goods before it got this letter,
and in the correspondence with appellee it nowhere com-
plained of these words as an addition to the contract.
Quite a number of other letters passed, in which the re-
fusal to deliver these goods was placed on other grounds,
none of which have been sustained by the evidence. Ap-
pellee offers proof tending to show that these words, in the
trade in which parties were engaged, conveyed the same
meaning as the words used in appellant's letter, and were
only a different form of expressing the same idea. Ap-
pellant's conduct would seem to confirm this evidence.

Appellant also insists that the contract was indefinite,
because the quantity of each size of the jars was not fixed,
that ten car loads is too indefinite a specification of the
quantity sold, and that appellee had no right to accept the
goods to be delivered on different days.

The proof shows that "ten car loads" is an expression
used in the trade as equivalent to 1,000 gross, 100 gross
being regarded a car load. The offer to sell the dif-
ferent sizes at different prices gave the purchaser the right
to name the quantity of each size, and, the offer being to
ship not later than May 15th, the buyer had the right to
fix the time of delivery at any time before that. Sousely
v. Burns' Adm'r, 10 Bush, 87; Williamson's Heirs v. Johns-
ton's Heirs, 4 T. B. Mon., 253; Wheeler v. N. B. Railroad
Co., 115 U. S., 34 [5 Sup. Ct., 1061, 1160].

The petition, if defective, was cured by the judgment,
which is fully sustained by the evidence. Judgment af-
firmed.