## Gold Spring Distilling Company v. Stitzel Distilling Company.

(Decided November 8, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Contracts—Sale of Personal Property—Executory Contracts to Sell—Right of Buyer.—Where an executory contract to sell personal property provides that the buyer shall exercise his rignt to take the property within one year from the date of the contract, the buyer had the right to fix the time of delivery at any time during the year, but not afterwards; and, upon his failure to exercise his right within the year, the seller is not liable in damages for failing to deliver after the expiration of the year.

2. Contracts—Personal Property—Executory Contract to Sell—Offer of Sale—Acceptance of.—Where an executory contract for the sale of personal property required the buyer to exercise his right to buy and to pay for the same within one year, and he failed to do so, the seller did not waive the conditions of the contract by sending the buyer an invoice for the property after the expiration of the year. An offer to sell must be accepted as made; an acceptance in different terms, or upon other conditions, amounts only to a counter-offer on the part of the buyer, which the seller may accept or reject at his pleasure.

KEITH L. BULLITT for appellant.

GIFFORD & STEINFELD for appellee.

Opinion of the Court by Judge Miller—Affirming.

Appellee, doing business in Louisville, executed and delivered to appellant, doing business in St. Louis, the following executory contract of sale:

"Louisville, Ky., Jan. 15, 1910.

"We have this day sold to the Gold Spring Distilling Co., St. Louis, Mo., two hundred (200) barrels of our whiskey made spring 1908, at 29c per proof gallon original gauge in bond plus 1-3c per proof gallon per month from date of entry into bond to the time warehouse receipts covering the whiskey are delivered to the said Gold Spring Distilling Co. The warehouse receipts for this whiskey to be delivered by us, as requested, and taken and paid for by the Gold Spring Distilling Co., within one year from date hereof.

　　　　　　　　　　　　　　"Stitzel Co.;

"Accepted.　　　　　Per A. P. Stitzel, Prest.

"Gold Spring Distilling Co.,

"Per ――――――――――."

The amended petition sets up a pencil memorandum of this contract, which was executed the same day, and which was evidently superseded by the more elaborate paper above given. The two papers are, however, the same in substance, and it is unnecessary to consider the one last mentioned.

On January 18, 1910, appellee delivered to appellant 50 of the 200 barrels of whiskey covered by said contract, for which appellant executed its three interest bearing notes, which were subsequently paid. Appellant made no further request of appellee to deliver any portion of the remaining 150 barrels of whiskey covered by the contract; but, on January 17, 1911, two days after the expiration of the contract, the appellee sent to the appellant an invoice covering the remaining 150 barrels of whiskey, which reads as follows:

"Sold to Gold Spring Distilling Co., St. Louis, Mo., 125 barrels May, 1908, Sour Mash Whiskey, S. No. 14280-404.

5980 49 P. G. ...................... 40c $2392.20
29c plus 33 mos. Carrying charges 25 barrels
　March, 1908, Sour Mash Whiskey, S. No.
　12801-25 ........................... 2873.02
1192 12 P. G...................... 40 1-3c 480.82

29c plus 34 Mos. Carrying charges."

It is contended in argument that this invoice was sent unwittingly by appellee's clerk, and without authority. However that may be, upon the receipt of the invoice, appellant requested appellee to ship said 150 barrels of whiskey to appellant, in St. Louis, and offered to pay therefor by notes, in the same manner as it had paid for the first 50 barrels. Appellee refused to ship the whiskey or accept the notes, and appellant thereupon requested appellee to send the warehouse receipts to appellant at St. Louis, with draft attached; but appellee refused to do this, upon the ground that the contract had expired, and was no longer in force.

Appellant thereupon filed this action for damages, alleging that upon the refusal of appellee to fulfill the contract for the sale of the remaining 150 barrels of whiskey, it was compelled to go upon the market and buy 150 barrels of other whiskey at the prevailing market price, and had to pay therefor $1,793.15 more than the price fixed by the contract. In addition to the $1,793.15, it claimed the sum of $250.00 expended in brokerage commissions. The circuit judge sustained a demurrer to the petition, and finally dismissed it; and, from that order, the plaintiff, the Gold Spring Distilling Company, prosecutes this appeal.

The circuit judge based his ruling upon the idea that the effect of the contract was to give appellant an option to buy 200 barrels of whiskey at any time within one year, at the price named; and that, appellant having failed to accept the option, in so far as it applied to the last 150 barrels of whiskey, within the year prescribed by the contract, it had no enforceable contract for that portion of the whiskey. In so ruling we think the circuit judge was entirely right, since appellant, as buyer, had the right to fix the time of delivery at any time during the year, but not afterwards. Sousely v.. Burns' Admr., 10 Bush, 87; Fairmount Glass Works v. Crunden-Martin Woodenware Co., 106 Ky., .666; Reed v. I. S. R. R. Co., 25 Ky. L. R., 389, 75 S. W., 200; White, etc., Hat Co. v. Carson, 25 Ky. L. R., 1230, 77 S. W., 366.

To meet this contention, however, appellant insists that the sending of the invoice by appellee two days after the expiration of the year, continued the contract in force, and waived the time limit of the original contract. We cannot give that effect to appellee's act in sending the invoice. The contract, by its terms, had expired, and the sending of the invoice should, at most, be considered

as an offer to make a new sale, and this appellant never accepted in any binding form. Appellant first offered to pay for the whiskey by its notes, and, subsequently by a draft to be drawn by appellee and attached to the warehouse receipts; but neither of these methods of payment was in accordance with the terms of the original contract, was never agreed to by appellee, and appellant at no time accepted the offer as made. It is elementary law that an offer to sell must be accepted as made, and that an acceptance in different terms, or upon other conditions, amounts only to a counter offer on the part of the buyer, which the seller may accept or reject at his pleasure. Giving the acts of the parties in connection with the sending of the invoice their full force, they did not make a contract of sale.

The judgment of the trial court was right, and it is affirmed.