## C. W. Craig & Company v. Thomas S. Jones & Company.

(Decided June 5, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Contracts—Complete When Unqualified Acceptance of Distinct Offer is Sent.—A contract by correspondence is complete when an answer containing a direct and unqualified acceptance of the offer is dispatched by mail or wire.

2. Sales—Unqualified Acceptance Held to Bind Seller to Quantity Previously Stated.—Where defendant had authorized plaintiff to sell whiskey for defendant on commission, and had stated to plaintiff the amount of whiskey on hand, and plaintiff wired an offer for about that quantity of whiskey with a request to state the exact number of barrels of each brand, a telegram from defendant containing an unqualified acceptance of the offer, without stating the quantity, bound it for the full amount stated in its previous message, since, if it had disposed of any whiskey in the meantime, it should have so indicated in its acceptance.

3. Contracts—Read in Sense Party Drawing has Reason to Know Other Party Will Understand it.—A contract will be read in the sense in which the party drawing it has reason to know the other party understands it, or will understand it.

4. Sales—Delivery of 284 Barrels of Whiskey is Not Compliance with Agreement to Deliver About 700 Barrels.—An unqualified acceptance of an offer for about 700 barrels of whiskey is not complied with by a delivery of 284 barrels.

5. Trial—Refusal to Reopen Case for Evidence of Parties' Agent Held Not Error.—It was not error to refuse to set aside the submission and open the case after it had been argued and submitted, and the court had indicated orally his conclusions, for the admission of evidence from agents of defendants, which there was no excuse for failing to introduce at the hearing, and to have set aside the submission on that ground would have been an abuse of discretion.

GRUBBS & GRUBBS, RODMAN GRUBBS and WM. MARSHOLL BULLITT for appellant.

BLAKLEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment whereby the appellee, Thos. S. Jones & Company, recovered of the appellant, C. W. Craig & Company, in the court below $5,488.00 by way of commission, at 25 cents per gallon on 681 barrels of whiskey, 32 gallons per barrel, alleged to have been sold by the former as a broker for the latter. By agreement of the parties the cause was tried by the court without the intervention of a jury.

Negotiations looking to the placing of the whiskey in the hands of the appellee for sale began September 18, 1918, with a visit to the latter's office in Louisville by Craig, the head of the appellant company, on that mission, who represented that his company had about a thousand

barrels of whiskey for sale which he then gave the appellee written authority to sell subject to its approval; and by a letter of date September 27, 1918, from the appellant to the appellee the latter was empowered to sell for it approximately 700 barrels of whiskey, the number of which seems to have been more definitely fixed by a telegram of October 19, 1918, from the appellant to the appellee at 676 barrels. The trial court, correctly as we think, found from the evidence that 681 barrels was the number the appellant then actually had on hand and uncontracted to other buyers, and that this was the number of barrels the appellee sold. The appellant, however, delivered to the purchaser only 284 of the barrels of whiskey the appellee sold for it. Subsequently the appellee brought this suit, claiming commission on 700 barrels containing 32 gallons to the barrel at 25 cents a gallon. The appellant admitted liability for the appellee's commissions on the 284 barrels, but denied all liability for the latter's commission on the remainder of the whiskey.

The contract between the parties is to be determined from certain letters and telegrams passing between them. To copy all of them in the opinion would serve no good purpose. On October 22, 1918, Jones & Co. sent Craig & Co. the following telegram:

"Louisville, Ky., Oct. 22, 1918.

"C. W. Craig & Co.,
436 Battery St.,
San Francisco, Cal.

"Have sold for your account to a Chicago firm your entire holdings about seven hundred barrels of Hermitage Bourbon, Hermitage Rye and Old Crow tax paid, regauged distillery less all charges paid to date, we to receive as commission the excess price over four dollars twenty-five cents per proof gallon regauged after your drafts have been paid. Wire confirmation and guarantee of quality and cooperage and we will give you billing instructions by wire. In your reply give us exact number of barrels of each brand of each age and put the word period after each lot you mention in your reply. Mailing you exchange for Bonnie and Dickel shipments.

"Thos. S. Jones & Co."

To this telegram the following answer was sent:

"San Francisco, Cal., Oct 22.

"Thos. S. Jones & Co.,
Louisville.

"Accept offer; have called off all selling goods guaranteed.        "C. W. CRAIG & Co."

Pursuant to these telegrams Jones & Co. sold the purchaser the whiskey, supposing it to be not less than 676 barrels as indicated in the telegram from Craig & Co. of October 19, 1918, which was in these words:

"San Francisco, Cal., Oct. 19, 1918.

"Thos. S. Jones & Co.,
Louisville, Ky.

On hand today Hermitage Rye forty-six spring three twelve spring four seventy spring five ninety spring ten Hermitage Bourbon ten spring nine one hundred eighty-five fall none Old Crow one seventy spring seven eight seven spring eight. If Bonnie did not take fifteen Hermitage nine then we have two hundred no option. Cannot withdraw all sales subject to prior sale.

"C. W. CRAIG & Co. 12 3-33 a. m."

This telegram, it is shown by the evidence, called for 676 barrels of whiskey.

A contract by correspondence is complete when the answer containing a direct and unqualified acceptance of a distinct offer is dispatched by mail or wire. Shaw v. Ingram O'Day Lumber Co., 152 Ky. 329; Hutchison v. Blakeman, 3 Met. 80. We do not see that this case can be distinguished from Fairmount Glass Works v. Crunden-Martin Woodenware Co., 106 Ky. 659, for the telegrams passing in that case are substantially like those in this case, and it was there held that the contract was complete.

Appellee in its telegram of October 22, 1918, made a definite proposition and this definite proposition was accepted without qualification or reservation. On October 19 appellant had indicated to appellee, at its request, the quantity of whiskey on hand but had said that all sales were subject to prior sales, so appellee in the telegram of October 22 said: "In your reply give us exact number of barrels of each brand." If there had been any change in the number of barrels for sale it was incumbent upon

appellant to say so. They were advised by the telegram of appellee that it had sold the entire holding of about 700 barrels and appellant was asked to give the exact number of barrels on hand. When under such circumstances an unqualified acceptance was sent, the appellee had a right to assume that its sale was ratified and that the whiskey was on hand. If the whiskey in the meantime had been sold appellant knew it, or could ascertain it from their books, and it was incumbent on it to know the facts before sending an unqualified acceptance. It is elementary that a contract will be read in the sense in which the party drawing it had reason to know that the other party understands it, or will understand it. In this case the appellant must have known that appellee would understand that its sale was approved as a sale of at least 676 barrels of whiskey. Appellee had no means of knowing what whiskey had been sold and to give the contract any other construction would be practically to deny to the acceptance the fair meaning of the words used.

The discrepancy is too large. A delivery of 284 barrels is not a compliance with an unqualified acceptance of an offer for about 700 barrels. No one receiving such an acceptance would reasonably so understand the contract, or know how to conduct his business if such a construction of the contract was upheld. If only 284 barrels of whiskey were unsold appellant should have apprised appellee of the fact instead of accepting the latter's offer for the larger number of barrels without qualification

We rest our judgment here. It appears from the evidence that appellant had made a like arrangement with other brokers. If these brokers had. sold a part of the whiskey before October 22, and appellant had confirmed the sale, it was incumbent upon them to so inform appellee in their wire of October 22. If these sales by other brokers had not been confirmed before October 22 they could not be confirmed after October 22 so as to affect appellee's rights.

There was no substantial error in the refusal of the court to set aside the submission and open the case after it had been argued and submitted, and the court had indicated orally from the bench his conclusions upon the evidence. The proposed evidence was such as should by reasonable diligence have been produced on the hearing.

It was all evidence from the agents of appellant and there was no reason why it could not have been introduced on the hearing by due diligence. To have opened the case on the grounds shown would have been an abuse of discretion upon the part of the circuit court.

Judgment affirmed.