Case 72.—ACTION BY J. R. HATFIELD AGAINST SAM BELL. FOR BREACH OF CONTRACT IN THE SALE AND DE- LIVERY OF CATTLE—November 29.

## Bell v. Hatfield.

Appeal from Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Af- firmed.

1. Sales—Delivery—Reasonable Time—A contract for the sale of cattle, requiring delivery on a certain day or within a few days thereafter, expires within a reasonable time after the day specified.

2. Same—Remedies of Seller—Action for Breach of Contract— Conditions Precedent—Tender—Where a contract for the sale of cattle required delivery on a specified day or within a few days thereafter, the buyer to notify the seller of the day when he would receive the cattle, a tender by the seller was not a condition precedent to an action for breach of the contract; the buyer not having designated any day.

3. Same—Measure of Damages—Where a contract for a sale of cattle required delivery at a certain place on a specified day or within a few days thereafter, the day to be designated by the buyer, but he failed to name the day, in an action for breach of the contract the measure of damages was the differ- ence between the contract price and the market value of the cattle at the place or delivery on or within a few days after the date specified.

4. Appeal—Harmless Error—Instructions—Under Civ. Code Prac., sec. 134, providing that no judgment shall be reversed for any error not affecting the substantial rights of the adverse party, an erroneous instruction on the measure of damages, shown by the verdict of the jury to have been harmless, is. no ground for reversal.

O'MEARA & JAMES attorneys for appellant.

## POINTS AND AUTHORITIES.

1. The petition and amended petition taken together fail to state a cause of action, because if the cattle were to be delivered at a time fixed or between two dates there must be an allegation that they were delivered within the time, and if the purchaser had a right to elect what time between the dates he would receive said cattle, his failure to so elect fixed the last day of the period as the day on which the seller must deliver. (Sousely v. Burns' Adm'r, 10 Bush, 87; Chandler v. Robertson, 9 Dana,. 291.)

2. If it be contended that the time fixed for delivery was so· indefinite that the court can not say when that time expired, then the contract is too indefinite to support an action. (Beach on Contracts, sec. 72.)

3. Instruction on measure of damages is obviously erroneous.

SPRIGG & HALBERT for appellee.

## POINTS AND·CITATIONS.

1. The petition and amended petition state a contract, and a breach of same, and, therefore, a cause of action. See authorities cited below.

2. Where notice is a part of the contract notice must be given. (Chitty on Contracts, star pages 733, 734, 758, 739; Clark on Contracts, p. 667; McNairy v. Bishop, 8 Dana, 150; Newman on Pleading and Practice, pp. 346, 360-1-2.)

3. In the absence of notice (contracted to be given) it was not necessary for plaintiff to be present with his cattle at the time and place of delivery. (Turner v. Johnson, 7 Dana, 437; Hardey v. Mason, 9 Dana, 33.)

4. The jury was properly instructed. (Miles v. Miller, &c.,. 12 Bush, 138; Sedgewick on Damages, 200-1.)

If any error was made, it was harmless, and the judgment· should be affirmed. (People v. Commonwealth, 87 Ky., 500-1; L. & N. R. R. Co. v. T. & D. L. S. C F, 107 Ky, 61; L, H. & St. L. Ry. Co. v. McCune, 72 S. W., 756; Johnson v. Williams' Adm'r,. 63 S. W., 761-2; L. & N. R. R. Co v. Edmond's Adm'x, 64 S._W.,. 728; Kentucky Civil Code, sec. 134; .Hoerth, &c. v. Zable, Ex'or,. &c., 92 Ky., p. 205; Eversole v. White, &c., 65 S. W., 442.)

OPINION BY JUDGE O'REAR—Affirming.

Appellee sued appellant to recover damages upon a breach of contract for the sale of cattle. Appellee, as owner of 25 cattle known as "feeders," sold them to appellant at 4 cents a pound, to be delivered at East View, some miles distant from appellee's place, on or about September 1st, "with a few days to play on." Appellant was to notify appellee of the day he would receive them, and appellee was to "dry lot" the cattle the night before. This term is agreed to mean that the cattle, the night before they were to be weighed and delivered, were to be placed in a dry lot, without feed or water till weighed. Appellant failed to notify appellee of a time when he would receive the cattle. They were not delivered in consequence, nor was there a tender of them by appellee. This suit was brought to recover of appellant the difference between the contract price and the market value of the cattle on or about September 1st, the time when they were to have been received.

The controlling question is whether a tender of the cattle by the seller was necessary to entitle him to maintain his action against the purchaser for a breach of the contract. The seller's right to demand the purchase price of the cattle was dependent on his delivery of them at the time and place stipulated in the contract. He must be, not only able to comply, but, unless excused by the buyer, must offer to comply, by bringing the cattle to the appointed place of delivery. In this case the seller was able and willing to comply, but did not offer to do so. Which brings the case up to whether there was an excusing of the seller by the buyer. The law never requires a vain thing. When the buyer declines to receive the property, or repudiates the contract before the time of delivery, a tender would be unnecessary, because

useless. Although the buyer might have changed his mind if the goods had been delivered at the time and place fixed in the contract, yet it does not lie in his mouth to say so, having previously declined and thereby put his adversary off guard. He would not be allowed to play fast and loose with the contract in that way. So, when he absents himself from the place of delivery, making a tender futile, the other party is absolved from making the tender. The office of the tender is to give the other contracting party an actual chance to comply with the contract. It would be as vain to tender cattle at the agreed place and time, when the purchaser had purposely absented himself and had no representative there to receive them, as to tender them when he had previously repudiated the contract, and declared he would not accept them. As appellant was absent from the place of delivery on every day when a tender of the cattle could have been made to him under the contract, and had no one there to represent him in receiving and paying for the cattle, appellee was not bound to go to the trouble and expense of doing a thing that could serve no useful or sensible purpose, and drive the cattle down there, to be again driven back.

Appellee insists that the case comes within the principle of Chandler v. Robertson, 9 Dana, 291, and Sousely v. Burns' Adm'r, 10 Bush, 87. In those cases the time of delivery was, say, from the 10th to the 20th of the month, at the buyer's option. It was held that the buyer had the option only of selecting a day between the two extremes fixed by the contract, failing which the contract itself fixed the last day unconditionally for the delivery, and that a failure to tender the property on that day absolved the buyer from

liability upon the contract. This case differs from the two just cited in that there is no time fixed by the contract when the cattle were to be delivered. While it was to be within a few days after September 1st, to be fixed upon by the buyer, of which he was to give the seller timely notice, there was no day, in the absence of such notice, when the seller could have driven his stock to East View and have rightfully demanded that they be then accepted. Nor was there any day which he could have safely or reasonably selected as the last day within which he could assume that the buyer would exercise his right to demand the cattle. Of course, the contract would expire within a reasonable time after September 1st. Neither party could indefinitely prolong it and visit the consequences upon the other. When could the vendor have taken the cattle to East View, in the absence of notice, expecting to find the vendee there to take them? The whole object of taking the cattle there was to actually deliver them to the purchaser and get the money for them. To have required the vendor to have driven them back and forth every day until the utmost limit within which the vendee might rightfully have demanded their delivery was never thought of. No more was it contemplated that the vendor should take the hazard of not finding the vendee there to take them.

A valid contract may be made determinable upon a contingency or event, although its happening may depend solely upon an act to be done by one of the parties. An agreement to pay money or deliver goods on demand, or on so many days' notice, or a lease of property on similar terms, would not be bad for indefiniteness. The law supplies by implication the corresponding necessary obligations to effectuate the

Bell v. Hatfield.

legal intention of the parties.  For example, if the
promisor removes himself, or, though not by his own
volition, is so removed that demand can not be made
of him, the law gives to his agreement the construc-
tion that he would pay or deliver the property with-
out demand in that event.  In the case at bar appel-
lant agreed to receive and pay for the cattle within a
few days after September 1st.  He likewise agreed
to select a day corresponding to the time covered by
the contract, and to notify appellee of the fact, so
that the latter could deliver the cattle.  His failure
to select the day and to give notice is equivalent to
a waiver by him of a tender, because he has rendered
it impossible to make him a reasonable tender.  His
covenant to pay for, and appellee's to deliver, the cat-
tle, were mutual and dependent upon each other.
While neither could enforce the contract without be-
ing ready and willing to do his part, yet upon appel-
lant was the first obligation, that of notification.  The
sale was not conditional.  It was not an option to
buy.  It was an outright purchase.  The terms of pay-
ment were not indefinite, but were certain and fixed.
The property to be sold was agreed on and specified.
The place of delivery was fixed.  The time of deliv-
ery was also fixed, except that it should be about a
certain time, sooner or later, thereafter by a few days,
which the vendee was to give notice of.  His giving
the notice was a condition precedent to his right to
demand a tender of the cattle on any particular day,
but it was not a condition at all to his liability to
ultimately take and pay for the cattle.  The law upon
this branch of the case is well summed up in Turner
v. Johnson, 7 Dana, 437, in these words: "If there
be mutual covenants or undertakings, to be per-
formed at the same time, either of the parties, to sus-

tain an action, must aver a tender. If both covenants are to be performed simultaneously; but the first act is to be performed by the defendant, the plaintiff may sustain his action by averring readiness.''

The correct measure of damages in this case is the difference between the contract price, $4 per hundredweight, and the market value of the cattle on the market at East View on or within a few days after September 1, 1904, which was shown by the evidence to be $2.85 per hundredweight. The court gave the jury this measure in an instruction, but added, ''and may also in your discretion find for plaintiff such other damages as he sustained by breach of the contract, not exceeding,'' etc. There was nothing in the case to support the last clause of the instruction, and it should not have been given. The verdict of the jury shows to a certainty that nothing was found for the plaintiff under the objectionable clause of the instruction. The weight of the cattle was stated in the evidence, about which there was no dispute. $1.15 per hundredweight, the difference between the contract and the market price, at the weights shown by the evidence, tallies exactly with the verdict of the jury. Thereby the error in the instruction is shown to have been harmless, which, under the provision of section 134 of the Civil Code of Practice, this court is bound to ignore.

Judgment affirmed.