(137 App. Div. 323.)

GOURD v. HEALY.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

SALES (§ 345*)—PERFORMANCE OF CONTRACT—TENDER—NECESSITY.

　　Plaintiff agreed to sell defendant a certain quantity of a designated wine for a certain price delivered in New York, the seller to pay the freight, bear the risk of loss in transit, and pay the duty. The wine was a part of a large stock stored in a city of France, and the cases sold were never designated or set apart by themselves. *Held*, that the title to the wine never passed, and, the defendant never having repudiated the contract, it was necessary for plaintiff to tender the goods to defendant in New York before suing for a breach of the contract.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 958; Dec. Dig. § 345.*]

Appeal from Trial Term, New York County.

Action by Henry E. Gourd against Thomas Healy. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Kelley & Connolly (M. E. Kelley, of counsel), for appellant.
Townsend & Wynn (Frank D. Wynn, of counsel), for respondent.

CLARKE, J. On May 21, 1906, the plaintiff, at New York, agreed to sell 35 cases of Chateau Y'Quem, 1901, 15 cases Chateau Y'Quem, 1901, pints, and the defendant agreed to purchase the same for $740 payable on delivery, duty paid by plaintiff, on the dock, New York. The wine was then in certain undisclosed wine cellars in Bordeaux, France. The said cases of wine were never identified by marks or numbers or even as to the wine cellars in which they were in storage,

and were never segregated from the general stock of wine in Bordeaux.

The defendant wrote on March 27, 1907:

"I consider I made a great bargain in purchasing those wines as they are very fine, but if you could accomodate me by carrying the same and not having them delivered to me until October, 1907, this year, I will pay interest on same from now on at the rate of six per cent. to you for the investment of your money."

To which the plaintiff answered under date of March 28, 1907:

"I am in receipt of your favor of yesterday in relation to the Chateau Y'Quem, 1901, and beg to say that I will be happy to carry the merchandise until next October, interest to be added on the value from the first instant."

The plaintiff testified:

"These wines were in Bordeaux. I was to transport them to the United States and pay the cost of transportation and the duty of them in New York. I was to deliver them to the defendant on the dock in New York. The goods have never been brought; they are still in Bordeaux; the duty has never been paid; the cost of transportation has never been paid; the price of $740 which the defendant was to pay for these goods included the cost of transportation, the freight and the duty. * * * They were a part of a large quantity of goods in the cellars there in Bordeaux."

Notwithstanding these undisputed facts, the learned court directed a verdict for the full amount of the contract price, which included duties and freight. The theory evidently was that title to the goods passed to the defendant when the contract of sale was made, and that plaintiff was entitled to recover the price as for goods bargained and sold without delivery or tender of delivery on his part. It is apparent that the title never passed to the buyer, and that the contract was an executory contract of unidentified goods, because, first, the goods had to be selected out of a mass and designated and appropriated to this contract as the property of the buyer; and, second, that the seller had to transport the goods when designated and transported to New York at his own risk of loss in transit and pay the import duty. This was never done. Until the seller had performed on his part by transporting the goods to New York and paying the duty, he could not make a delivery or a valid tender to the buyer.

The situation is expressed in Delaware Trust Co. v. Calm, 195 N. Y. 231, 88 N. E. 53, where the court said:

"It was the duty of the plaintiff or its assignors to tender performance on their part and to demand performance on the part of the defendants before subjecting them to the expense and annoyance of an action to recover the amount of the purchase price. Otherwise, the sellers would have both money and property and the buyers nothing. * * * 'The purchaser is not bound to pay the purchase money unless he receives the thing purchased, and how can it be said that he has refused to receive the thing purchased and to pay the money for it when he has never had the opportunity of receiving it?' Lester v. Jewett, 11 N. Y. 453, 454."

In the case at bar the defendant has never repudiated the contract. The plaintiff has never tendered delivery or been in a position so to do. He has possession of the goods in France and a judgment for the price thereof, including freight and duties, and the defendant has nothing but a judgment against him.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.