## GOURD v. HEALY. (No. 6563.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. TRIAL (§ 242*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

Where, in an action on an executory contract of sale of wine for delivery, duty paid, on the dock at New York, the issue was whether time for the buyer's performance had been postponed to a specified date, or indefinitely, so that he had a reasonable time to perform, and the evidence showed that the seller did not own the wine at the time of sale, but sold it on commission as agent of the owner, but testified that he was ready and willing at all times since the making of the contract to deliver the wine at place of delivery, and was ready and willing to deliver at the time of trial on receiving instructions from the buyer, an instruction that in rendering a verdict for the seller the jury would merely compel the buyer to carry out a contract, and that the obligation of the seller to deliver would continue unchanged, and that any judgment which would be entered on a verdict would not be payable until the seller was ready and willing to turn over to the buyer the wine, was misleading, as leading the jury to believe that it was not very important how they determined the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

2. SALES (§ 366*)—CONTRACTS—PASSING OF TITLE—JUDGMENT—ENFORCEMENT.

Where title to goods sold had not passed to the buyer at the time of judgment for the price, it would pass on the satisfaction of the judgment, provided the goods were then in existence; but the enforcement of the judgment would not depend on delivery or tender, nor could the seller be required to tender delivery before enforcing it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1078; Dec. Dig. § 366.*]

3. SALES (§ 358*)—ACTION FOR PRICE—ISSUES—EVIDENCE.

Where, in an action on an executory contract for the sale of wine for delivery, duty paid, on the dock at New York, the issue was whether the buyer's time for performance had been postponed until a designated date, or indefinitely, and the seller admitted that he did not own the wine at

---

the time of sale, but sold as agent, and testified that he was ready and willing at all times since the making of the contract to deliver at the place specified, and was still ready and willing to deliver it on instructions from the buyer, and was ready so to deliver immediately prior to the commencement of the action, if he had been given instructions, it was error to prevent the buyer from cross-examining the seller as to the ownership of the wine at the time of the contract, and where it had been since the making of the contract, and was at the time of trial, and both parties should be permitted to show what each had done toward performance of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

Appeal from Trial Term, New York County.

Action by Henry E. Gourd against Thomas Healy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 206 N. Y. 423, 99 N. E. 1099.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

M. E. Kelley, of New York City (C. S. Lorentzen, of New York City, on the brief), for appellant.

Frank D. Wynn, of New York City (Robert Louis Hoguet, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action on an executory contract to recover the purchase price of 50 cases of wine, which the plaintiff alleges he sold to the defendant on the 21st day of May, 1906, at the agreed price of $740, which the defendant agreed to pay on the 1st day of March, 1907. It is alleged that the date of payment was by mutual agreement postponed to the 1st day of October, 1907, on the promise of the defendant to pay interest thereon from the first date fixed for payment. The plaintiff also alleges that he was at all times since the 21st day of May, 1906, ready and willing to deliver the wine to the defendant, and "stands ready and willing now or in the future to deliver the same, but that the defendant has refused to receive said wine," and after the 1st day of October, 1907, duly demanded payment, but that the entire amount remains unpaid, and that since the commencement of the action plaintiff "has kept good and repeated said tender of due delivery of said wines, but defendant has at all times refused to accept said wines or pay for same."

The case has been tried three times. On the first trial a verdict was directed for the plaintiff for the full amount claimed, but the judgment was reversed and a new trial granted by this court on the ground that title had not passed and that plaintiff could not make a valid tender of delivery, for the reason that the wine had not been imported at the time of the commencement of the action, but was then intermingled with other wine in certain undisclosed wine cellars in Bordeaux, France, and had never been identified or segregated from the general stock of wine, and delivery on the dock in New York, freight and duty paid, was required by the agreement. Gourd v. Healy, 137 App. Div. 323, 122 N. Y. Supp. 7. On the second trial, the complaint was dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missed at the close of the plaintiff's case, and the judgment was affirmed by this court on the opinion rendered on the first appeal (Gourd v. Healy, 143 App. Div. 928, 128 N. Y. Supp. 1125); but the Court of Appeals reversed, and granted a new trial, on the ground that there was a question of fact which should have been submitted to the jury with respect to whether the time for defendant's performance had been definitely postponed until October, 1907, or indefinitely postponed, so that he had a reasonable time within which to perform (Gourd v. Healy, 206 N. Y. 423, 99 N. E. 1099). On the third trial the question which was the basis of the reversal by the Court of Appeals was submitted to the jury, under instructions to the effect that if the time for defendant's performance was definitely postponed until October, 1907, the plaintiff was entitled to recover, and if the postponement was indefinite, and a reasonable time for performance by the defendant had expired before the commencement of the action, the plaintiff was entitled to recover. A general verdict was rendered in favor of the plaintiff for the amount demanded.

.In the record which the Court of Appeals reviewed, and on which this court held that the plaintiff was not entitled to recover, there was no evidence of a tender of delivery of the wine. The Court of Appeals held, in effect, that the evidence tended to show an agreement on the part of the defendant to pay for the wine without delivery and delay the delivery until such time as the defendant required it. The record before the Court of Appeals contained a letter from the defendant to the plaintiff under date of November 8, 1907, purporting to be an answer to a letter from the plaintiff to the defendant of November 7, 1907, which was not in that record. That court inferred from the defendant's reply that the plaintiff's letter called upon the defendant to take the wine and that the defendant requested further time. The letter of November 7th is in the record now, and it is not of the purport which the Court of Appeals inferred. It merely called upon the defendant *to pay* for the wine in accordance with his overdue promise. The Court of Appeals, however, did not, I think, intend to hold that it was not incumbent upon the plaintiff to tender a delivery of the wine in accordance with the contract unless the defendant waived tender of delivery. The opinion proceeds on the assumption that there was a tender of delivery of the wine by offers to deliver it, notwithstanding the fact that it was in France, and that the defendant, by stating that he was not ready to receive and pay for it, and by asking for delay, waived a formal tender on the dock in New York in accordance with the contract. It then appeared that after the commencement of the action the wine was shipped "to this country," and evidence offered to show that it was shipped to New York and that it was consigned to the defendant was excluded and exceptions were taken to the rulings. Other evidence offered to show where the wine was, and that the plaintiff was ready and willing to deliver it to the defendant, was also excluded and an exception taken. These rulings are not discussed in the opinion of Court of Appeals, but that court, in deciding the appeal, appears to have assumed that the wine was in the possession or under the control of the plaintiff, for it is stated in

the opinion that the legal effect was the same "as though it [the wine] had been in the cellars of the plaintiff from the beginning."

[1] The learned counsel for the appellant contends that the Court of Appeals overlooked the fact that the plaintiff did not own the wine at the time he agreed to sell it to the defendant and that he was merely acting as a commission agent, and also overlooked the fact that the contract provided for the delivery of the wine on the dock at New York. The record before the Court of Appeals showed that the wine was in the wine cellars of Schroeder & Schyler, Bordeaux, France, at the time the contract was made, and constituted a part of a large quantity of wine, and that they were owned by the plaintiff. The record now before the court differs somewhat from that presented to the Court of Appeals. It now appears that the plaintiff did not own the wine at the time he sold it to the defendant, and that he was selling it on commission as agent of the owner. The court permitted the plaintiff to show that he was ready and willing at all times since the making of the contract to deliver the wine on the dock at New York, and was ready and willing to deliver it at the time of the trial on receiving instructions from the defendant, and was ready so to deliver it immediately prior to the commencement of the action, if he had been given shipping instructions. The defendant, however, was precluded from cross-examining the plaintiff with respect to these matters, to show who owned the wine at the time the contract was made, and that the plaintiff had not seen the wine at that time, and that it was then in a warehouse in Bordeaux, France. The contract required the plaintiff to deliver the wine, with freight and duty paid, on the dock at New York. It is to be inferred that the wine was shipped to some port in this country, for it appears that the duty was paid by the plaintiff, but nothing further appears with respect thereto.

Counsel for the plaintiff, notwithstanding the fact that by objections interposed he precluded counsel for the defendant from ascertaining, on the cross-examination of the plaintiff, where the wine was at the time of the third trial, requested the court to instruct the jury that in rendering a verdict for the plaintiff—

"you merely compel the defendant to carry out a contract which you have found has been made and should have been performed. The obligation of the plaintiff to deliver to the defendant the goods in question in New York will continue unchanged and undiminished; and any judgment which would be entered on such a verdict would not be payable until the plaintiff were ready, able, and willing to turn over to the defendant the goods in question."

And the court so charged. Counsel for the defendant duly excepted, on the ground that there was no evidence to justify the charge. We are of opinion that that instruction constitutes prejudicial error and requires a reversal. There was no occasion for giving the jury any instruction with respect to the effect of their verdict. There were questions of fact submitted to them, and it is quite likely that this instruction led them to believe that it was not very important how they determined such questions, and, if the law were as charged by the court, it would not have been; but such is not the law, and therefore we think the defendant was prejudiced by the instruction.

[2] If the title to the wine had not already passed to the defendant, it doubtless would pass on the satisfaction of the recovery in this action, provided the wine is in existence; but the enforcement of the judgment herein would not depend upon the delivery of the wine or the tender of delivery thereof. The defendant, after satisfying the judgment, will doubtless have a legal remedy to obtain the wine, if it can be found, or damages; but the plaintiff would not be required, as a condition of enforcing any judgment recovered herein, to again tender delivery of the wine.

[3] We think that on the new trial the court should receive all evidence offered with respect to the ownership of the wine at the time the contract was made, and where it was then, and where it has been since, and is at the time of the trial, and what has been done with it, and what either party has done toward performance, to the end that no further trial may become necessary.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.