## Gaines & Sea v. R. J. Reynolds Tobacco Company.

(Decided October 27, 1916.)

### Appeal from Anderson Circuit Court.

1. Sales—Delivery—When Tender Not Necessary.—Where the buyer of tobacco, before the expiration of the time within which it might have been delivered as provided by the contract, notified the sellers of its intention to repudiate the contract, and had previously to such notice, in effect, repudiated the contract by failing to be on hand to receive the tobacco at the time and place fixed by the contract for its delivery, no tender of the tobacco by the sellers was necessary.

2. Sales—Delivery—When Tender Not Necessary.—Where the buyer of certain tobacco "to be delivered at the close of the sale season" at Lawrenceburg, failed to have its agent present at the place of delivery on the last sale day of the season; where such agent did not notify the sellers of his presence on two subsequent trips, to the town; and where in reply to a notice from the sellers that they would be present at the place of delivery on a certain day within a reasonable time after the close of the sale season, to deliver the tobacco to the buyer's agent, the agent informed the sellers of his purpose not to be present, the sellers were relieved of the necessity of weighing or making a formal tender of the tobacco.

J. W. GAINES and WILLIS, TODD & BOND for appellants.

EDWARDS, OGDEN & PEAK and ALLEN & DUNCAN for appellee.

Opinion of the Court by Judge Settle—Reversing.

This is the second appeal in this case. The first appeal was decided March 23, 1915, the opinion being re-

ported in 163 Ky. 716. The action was brought by appellants to recover of appellee damages for the alleged breach by the latter of a contract it made with appellants March 3, 1912, for the purchase of certain tobaccos, consisting of: (1) 11,770 pounds of leaf tobacco graded and bulked in a warehouse in the city of Lawrenceburg; (2) another lot of tobacco which appellants had that day purchased from the floor of the warehouse; (3) another lot of tobacco then in the warehouse, which had been bid in by appellee's agent, Blackwell, but the sale rejected by the owners; (4) such other tobacco as appellants might thereafter be able to procure; all of such tobaccos to be received by appellee at the close of the sale season, at Lawrenceburg.

It is alleged in the petition that the lot of tobacco consisting of 11,770 pounds, first mentioned, was sold by appellants to appellee at the agreed price of 14 cents per pound and that for the remaining lots of tobacco appellee agreed to pay appellants the original cost price plus cost of handling, and a "nice" or reasonable profit thereon, but that appellee repudiated the contract, declined to take any of the tobacco and it was sold by appellants on the market at Louisville at a loss to them. Appellee's answer traversed all the material allegations of the petition.

On the first trial the circuit court, at the conclusion of the evidence introduced by each of the parties, sustained the appellee's motion for a peremptory instruction, by which a verdict was directed in its favor. On the first appeal we held that the alleged contract as to the second, third and fourth lots of tobacco was so uncertain and indefinite in its terms as to be incapable of enforcement; but with respect to the first lot it is in the opinion said:

"As to the first lot, the 11,770 pounds, the evidence sufficiently establishes an executory contract of sale of that lot at the price of fourteen cents per pound, and the buyer's repudiation of the contract. In such case, the measure of damages is the difference between the contract price and the market value at the time and place of delivery. Marshall v. Piles, 3 Bush 249; Miller v. Burch, 19 R. 629, 41 S. W. 307; Singer v. Cheney, 21 R. 550, 51 S. W. 813; Sanders v. Bond, 23 R. 2084, 66 S. W. 635; Bell v. Hatfield, 121 Ky. 560, 28 R. 515, 2 L. R. A. (N. S.) 529; Newton v. Bayless Fruit Co., 155 Ky. 440.

"The time of delivery, according to the contract, proved by plaintiff, was 'the close of the sale season at Lawrenceburg,' and Lawrenceburg was the agreed place of delivery. It seems from the evidence that there was only one sale day at Lawrenceburg after March 3, 1912, the date of the making of the contract sued on, and that sale was on March 16; that the tobacco company did not definitely repudiate the contract until March 30, 1912. . . As to this 11,770 pounds of tobacco, the plaintiffs were entitled to go to the jury; and the trial court erred in directing a verdict for the defendant to that extent. . . . . Because of the error of the circuit court in directing a verdict for the defendant as to the claim of appellant concerning the 11,770 pounds, that referred to as the first lot, the judgment is reversed for proceedings consistent herewith.''

The trial, following the return of the case to the court below, resulted in the following verdict, signed by ten of the jury:  "We, the jury, find for the defendant as set out in Instruction No. 3.''  Appellants' dissatisfaction with that verdict and the judgment entered thereon led to the present appeal.  We have been unable to discover from our reading of the record that the evidence introduced on the last trial differs in any material respect from that heard on the first.  Some of the witnesses were perhaps more elaborate on the last trial in certain particulars than on the first, but in its essential features the evidence, considered as a whole, was substantially the same on the two trials.  Without discussing it in detail, we think it conduces to establish the facts asserted by the opinion on the first appeal, viz.: (1) That there was a contract of sale between the parties as to the 11,770-pound lot of tobacco at the price of 14 cents per pound; (2) that "the time of delivery according to the contract was the close of the sale season at Lawrenceburg and Lawrenceburg was the agreed place of delivery;" (3) that there was only one sale day at Lawrenceburg after March 3, 1912, the date of the contract, and such sale day was on March 16th; (4) that appellee "did not definitely repudiate the contract until March 30, 1912.''  We think it further appears from the evidence that appellee had no one at Lawrenceburg to represent it on the 16th day of March, and while its agent, Blackwell, was in Lawrenceburg on March 23rd for about an hour and made some examina-

tion of the tobaccos in the warehouse, he did not then see the appellant Sea, from whom he made the purchase of the 11,770 pounds of tobacco, make any demand for its delivery or give appellants an opportunity to make a formal tender of same, nor were appellants informed previous to March 23d of Blackwell's purpose to be in Lawrenceburg on that day. Blackwell again returned to Lawrenceburg March 30th, but without giving Sea notice of his purpose to do so, and the latter, having no notice of his presence, was himself absent. It was on that visit that Blackwell in effect repudiated the contract. There was no opportunity afforded appellants between March 16th and March 30th to make appellee a tender of the 11,770 pounds of tobacco. Early in April and in reply to a letter from the appellant Sea, Blackwell wrote him a letter containing the following expression regarding this lot of tobacco: "Now that over two-thirds of the lot turns out to be fillery and common, of course it makes the purchase uninteresting to me." Sea then wrote Blackwell, April 10th, the following letter:

"Mr. J. W. Blackwell,
    "Agent R. J. Reynolds Tobacco Co.,
        "Lexington, Ky.

"Dear Sir:

"I beg to advise that I will be in Lawrenceburg on Saturday morning and shall expect you to meet me there and receive the tobacco which Mr. C. C. Gaines and I sold you some time since, in accordance with our agreement and understanding.
                    "Yours truly."

Replying to that letter Blackwell wrote Sea, in substance, that he would not come to Lawrenceburg and that if Sea wanted to see him he would have to come to Lexington.

The foregoing evidence strongly conduced to prove that appellee intended to repudiate the contract and did do so, and also that appellants were all the time ready and willing to perform the contract by the delivery on their part of the 11,770 pounds of tobacco. It is, however, insisted for appellee that the weighing as well as a tender of the tobacco was necessary. The evidence for appellants shows that the tobacco had, as known to appellee, been weighed by appellants and does not show

that the contract of sale contained any stipulation that the tobacco was again to be weighed upon or before its delivery to appellee; but if it be conceded that the weighing of the tobacco was necessary, appellee would not have accepted the weights made in the absence of its agent, and the agent, by failing to appear at Lawrenceburg for the purpose of receiving the tobacco, gave appellants no opportunity to weigh it. Indeed, the latter were relieved of the necessity of weighing or tendering the tobacco if, as their evidence conduced to prove, appellee repudiated the contract, and whether there was a repudiation of the contract by appellee, was a question that should have been submitted to the jury, which was not done.

Here there was a sale of the tobacco to be delivered on a certain day or within a reasonable time thereafter. The purchaser was not at the place of delivery at the time fixed for the delivery, nor was there any notice to the seller of the day when the purchaser would be ready to receive the tobacco. On the other hand, the seller did, within a reasonable time after the day fixed for the delivery, notify the purchaser of his willingness to make delivery of the tobacco according to the contract and request the presence of the purchaser for that purpose at a time indicated for making the delivery; but there was a failure upon the part of the purchaser to be present that he might receive the tobacco. Under such circumstances a formal tender of the tobacco by the seller cannot be regarded as a condition precedent to a right of action against the purchaser for a breach of the contract. In Bell v. Hatfield, 121 Ky. 560, there was a breach of contract for the sale of cattle, the contract providing that the seller was to receive 4 cents a pound for the cattle upon delivering them some miles distant from the place of sale, on or about September 1st, "with a few days to play on." The purchaser failed to notify the seller of a time when he would receive the cattle. They were not delivered nor was there a tender of them by the seller. The action was brought by the latter to recover of the purchaser the difference between the contract price and the market value of the cattle on or about September 1st, the time when they were to have been received. In the opinion it is said:

"The controlling question is whether a tender of the cattle by the seller was necessary to entitle him to main-

tain his action against the purchaser for a breach of the contract. The seller's right to demand the purchase price of the cattle was dependent on his delivery of them at the time and place stipulated in the contract. He must be not only able to comply, but, unless excused by the buyer, must offer to comply, by bringing the cattle to the appointed place of delivery. In this case the seller was able and willing to comply, but did not offer to do so. Which brings the case up to whether there was an excusing of the seller by the buyer. The law never requires a vain thing. When the buyer declines to receive the property, or repudiates the contract before the time of delivery, a tender would be unnecessary, because useless. Although the buyer might have changed his mind if the goods had been delivered at the time and place fixed in the contract, yet it does not lie in his mouth to say so, having previously declined and thereby put his adversary off guard. He would not be allowed to play fast and loose with the contract in that way. So, when he absents himself from the place of delivery, making a tender futile, the other party is absolved from making the tender. The office of the tender is to give the other contracting party an actual chance to comply with the contract. It would be as vain to tender cattle at the agreed place and time, when the purchaser had purposely absented himself and had no representative there to receive them, as to tender them when he had previously repudiated the contract, and declared he would not accept them. As appellant was absent from the place of delivery on every day when a tender of the cattle could have been made to him under the contract, and had no one there to represent him in receiving and paying for the cattle, appellee was not bound to go to the trouble and expense of doing a thing that could serve no useful or sensible purpose, and drive the cattle down there, to be again driven back.''

In the instant case the tobacco was to be delivered at the place of sale and there appears to be no provision of the contract requiring appellee to notify appellants of the day upon which it would receive and pay for the tobacco or that required appellants to give appellee notice of the day upon which they would be ready to deliver the tobacco; but, while this is true, appellants could not well have made a tender of the tobacco on the day fixed by the contract for its delivery, when ap-

pellee had no representative present who might have received the tobacco or to whom tender of it could have been made. But after appellee's failure to have its representative present on the day fixed by the contract for the delivery of the tobacco was made known to appellants by the absence of its representative, and such failure extended through the succeeding days, appellants took the only course left open to them, which was to notify appellee to send its representative to Lawrenceburg on a day fixed by such notice to receive the tobacco, and such notice was given by them within a reasonable time after the day fixed by the contract for the delivery of the tobacco. But appellee, instead of complying with the notice, through its agent wrote appellants that it would not do so. In addition to what has been said, it is not to be overlooked that appellee's answer in this case does not rely upon the failure of tender at all, but its defense is therein rested upon a denial of the contract.

The doctrine as to waiver of tender is thus well stated in 35 Cyc. at page 171:

"Waiver of Tender. No tender is necessary when the contract has been definitely repudiated by the buyer, as by the refusal to accept delivery, if tendered, or notice to the seller that the buyer is unable to accept and pay for the goods." 35 Cyc. 168-169. Turner v. Johnson, 7 Dana 436; Schwartz & Co. v. Woldert Gro. Co., 151 Ky. 748; Bolen v. Jenkins, 167 Ky. 295.

In view of the evidence, appellants' complaint that the trial court did not properly instruct the jury is well founded. The instructions as given were misleading and the language of the verdict shows that the jury made its finding for appellee upon the sole ground that there had not been a tender of the tobacco by the appellants as defined by instruction No. 3. We are not disposed to object to the form of the three instructions given by the court, but are clearly of the opinion that they only stated the law in part. On another trial of the case the court, in addition to the instructions given on the last trial, should instruct the jury as follows:

"If you believe from the evidence that there was a sale by plaintiffs of the tobacco to defendant as predicated in instruction No. 1, and that it was to be delivered and paid for at the close of the sale season at Lawrenceburg and that plaintiffs on the day the sale season closed,

or on a subsequent day and within a reasonable time thereafter of which the defendant had been given notice, were able and ready to deliver the tobacco, but were prevented from doing so, or from tendering it, by the absence from the place of delivery of an agent of defendant authorized to receive and pay for the tobacco, the absence of such agent excused plaintiffs from weighing the tobacco or making a tender of it at that time; or if you believe from the evidence that before the time fixed by the contract of sale, if there was such contract, for the delivery of the tobacco, or before the expiration of a reasonable time thereafter within which it might reasonably have been delivered under the contract, plaintiffs were notified by the defendant that it would not take or receive the tobacco or pay for it at the agreed price, if there was an agreed price, then the law did not require plaintiffs to weigh or make a tender of the tobacco."

The above instruction was, in substance but in different form, asked on the last trial by appellants and refused by the court. The other instructions asked by appellants were properly refused.

A material issue in the case was as to the amount of damages sustained by appellee's violation of the contract, with reference to which there was a contrariety of evidence, but we think the measure of damages was correctly given by the court in instruction No. 2.

For the errors indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.