HENRY E. GOURD, Respondent, *v.* THOMAS HEALY, Appellant.

First Department, February 23, 1917.

Sale — action on executory contract of sale to recover purchase price — tender of goods prior to commencement of action unnecessary — common-law principles embodied in Personal Property Law, section 144, applied — evidence.

In an action to recover the purchase price of goods sold, to be paid for on a day certain, delivery not to precede nor to be concurrent with payment, but to await shipping directions from the purchaser, the plaintiff need not make a tender of the goods before commencement of suit.

Until the purchaser gave directions there was no duty upon the vendor to tender the goods, and, hence, evidence offered by the latter to prove that at the time of the trial the goods were at the place of delivery, and that subsequent to a prior judgment tender was made, was properly excluded.

Personal Property Law, section 144, providing that "Where, under a contract to sell or a sale, the price is payable on a day certain, irrespective of delivery or of transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although the property in the goods has not passed, and the goods have not been appropriated to the contract * * *" is merely declaratory of the common law as it theretofore existed, and although not passed until after the execution of the contract in question, the principles declared are applicable.

APPEAL by the defendant, Thomas Healy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of April, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*M. E. Kelley,* for the appellant.

*Robert Louis Hoguet,* for the respondent.

PAGE, J.:

The action is to recover the purchase price of fifty cases of Chateau Yquem wine. There have been four trials of the case. The case has been three times before this court (137 App. Div. 323; 143 id. 928; 165 id. 288) and once in the Court of Appeals (206 N. Y. 423). The negotiation for the sale of these goods which were in Bordeaux, France, resulted in an agreement for the goods to be held subject to shipping orders from the defendant to be delivered duty paid on dock in New York to be billed November 1, 1906, payable in four months. Pending instructions for shipping the goods were to be held at Bordeaux. An invoice was sent to the defendant by the plaintiff stating these terms. The four months having elapsed, on March 25, 1907, the plaintiff wrote to the defendant: "If you will advise me what quantity you

want brought from Bordeaux I will have the same come with other goods for me." On March twenty-seventh the defendant replied that his cellar was well stocked with that particular kind of wine and requested the plaintiff to accommodate him "by carrying the same and not having them delivered to me until October, 1907," offering to pay interest at six per cent from that time on. To this proposition the plaintiff assented. On November 7, 1907, the plaintiff wrote to the defendant: "I beg to call your attention to invoice for import Bordeaux wines Nov. 1/06, $740, which was due on March 1st, and which you requested me to carry with interest for six months, that is to October 1st, which I consented to do, and at this date you have not yet made the promised settlement, which I would be very much pleased to have now, and I will expect to receive your check by return mail for the above amount with interest from March 1st." To this the defendant replied on November eighth: "In reference to import Bordeaux wines I wish to say that I am not fully prepared to take it now. I will pay the interest till the amount is paid as agreed and if you will send me a bill of it I will send you a check." On the ninth the plaintiff sent a duplicate of the bill with interest added from March 1, 1907, and closed with: "Awaiting your check as mentioned in your letter." Receiving no reply to this, on December 4, 1907, the plaintiff again wrote to the defendant restating the transaction and requesting a check by return mail. To this letter defendant replied in substance that his letter had been misunderstood; that he intended to take the wines as soon as it was convenient and was willing to pay interest until that time, and further stated that if that was not satisfactory to plaintiff he could cancel the order. The plaintiff in response wrote a letter reciting the entire transaction, and offered to take a check for the interest due and the defendant's note at three months. The defendant wrote declining the proposition of the plaintiff, and suggested that if the plaintiff was not willing to accede to his terms that he could sell the wines. But said: "If you wait my convenience, I will take the goods." On December 9, 1907, the plaintiff again wrote to the defendant, saying: "The question is not whether I can or cannot sell the wine held for your account in Bordeaux; it is whether you have or have not

purchased these goods at certain definite conditions." The letter then continues to impress upon the defendant the unfairness of his position, and concludes: "I must repeat that such a contract cannot be binding only as far as one of the contracting parties is concerned, without any liability to the other. After giving again this matter your consideration, I trust that you will recognize that my claim is quite justified and will signify your willingness to take the goods at a specified and early date." The defendant then wrote: "Relative to your letter about wines. Business with me was never so good. It occurs to me that there cannot be much doing down your way from the drift of your letter." This was the last letter written by the defendant. The plaintiff wrote on December eighteenth demanding payment, and on January 14, 1908, wrote that unless payment was made by January twentieth the claim would be placed in the hands of his attorneys for collection. On April 25, 1908, this action was commenced. It has been argued that it was incumbent on the plaintiff to make a tender of the goods before he could sue for the price. The goods were sold to be paid for on a day certain, delivery was not to precede nor be concurrent with payment, but was to await shipping directions from the purchaser. The obligations of the parties were independent and not dependent. The purchaser agreed to pay on a day certain, the seller to deliver when he received shipping directions, and thus this case comes within the rule originally stated in the case of *Pordage* v. *Cole* (1 Saund. 320, n. 4) that "If a day be appointed for the performance of an act, and such day is to happen or may happen before the performance of the act which is the consideration for the first mentioned act, then the covenants are considered mutual and independent, an action may be brought without averring performance of the consideration, for it appears that the party relied upon his remedy and did not intend to make the performance a condition precedent." This rule has been also thus stated by the Court of Appeals: "The law is undoubtedly well settled that where the covenants between the parties are mutual and both parties are to perform at the same time, the covenants operate as dependent obligations, and neither can maintain an action until he has performed or tendered a performance of his part of the agreement. But

when it appears from the terms of the agreement, or the nature of the case, that the things to be done were not intended to be concurrent acts, but the performance of one party was to precede that of the other, then he who has to do the first act may be sued although nothing has been done or offered to be done by the other party." (*Kirtz* v. *Peck,* 113 N. Y. 222, 228.)

This rule has seldom been invoked in actions for the price arising out of contracts for sales of goods, for the reason that it is rarely that an agreement is made to pay for goods except upon condition of prior or concurrent delivery of the goods. That it is, however, applicable to such an action is clearly recognized. In the "Sales of Goods Act" (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 144, as added by Laws of 1911, chap. 571) it is provided: "Action for the price. * * * 2. Where, under a contract to sell or a sale, the price is payable on a day certain, irrespective of delivery or of transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although the property in the goods has not passed, and the goods have not been appropriated to the contract. * * *."

While this statute was not passed until several years after the contract in the instant case was made, it is merely declaratory of the common law as it theretofore existed, and the principles thus declared are applicable. (Benj. Sales [7th ed.], §§ 562, 762; Willis. Sales, § 575.) As I read the opinion of the Court of Appeals in the instant case this rule was recognized as applicable to the facts in this case. Of course the seller cannot have both the purchase price and the property; he must, when the time arrives for him to perform his part of the contract, make the delivery. This obligation the plaintiff, in the instant case, appreciates and in his complaint states:

"*Fourth.* That the plaintiff was at all times since about the 21st day of May, 1906, as aforesaid, ready and willing to deliver said wines to the defendant, and that the plaintiff stands ready and willing now or in the future to deliver the same; but that the defendant has refused to receive said wine."

Evidence was offered by the plaintiff to prove that at the

time of the trial the goods were in New York and that subsequent to the first judgment tender was made of these goods. This was properly excluded. Until the defendant gave directions, there was no duty upon the plaintiff to tender the goods. Time for payment was extended by mutual agreement for six months, but it was not thereafter extended and repeated demands for payment were made. It is stated in the opinion of the Court of Appeals (p. 432): "If the contract, as modified by the dealings of the parties, could be considered as definitely fixing the day on which the defendant was to take the wine, there would be no difficulty in deciding as matter of law that the defendant was in default, and that the plaintiff is entitled to recover in this action; for it is too well settled to require discussion that when a vendee of personal property under an executory contract of sale refuses to complete his purchase at the time fixed, the vendor may keep the property for the vendee and sue for the purchase price."

And further states that the correspondence leaves it somewhat uncertain whether the time for delivery and payment had been extended only to October, 1907, or for an indefinite period, and if the time for delivery was extended for an indefinite period the question would be whether the defendant had been given a reasonable time in which to comply, and that these questions should be submitted to the jury. They have been so submitted and we have answered them in the plaintiff's favor.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Judgment and order affirmed, with costs.