[Civil No. 3182. Filed November 23, 1932.]

[16 Pac. (2d) 417.]

L. GRAUMAN SODA FOUNTAIN COMPANY, INC., a Corporation, Appellant, v. EARL E. ETTER, Appellee.

Mr. Austin O'Brien, for Appellant.

Messrs. Clark & Clark, for Appellee.

ROSS, J.—This is an action by the L. Grauman Soda Fountain Company, Inc., against Earl E. Etter for the purchase price of three soda fountain units sold by the plaintiff to the E & G Fruit Juice Company, a copartnership composed of defendant and one George C. Keith, for the sum of $1,650, evidenced by the partnership note dated January 16, 1930, and payable on or before April 1, 1930. The defenses are (1) a general denial; (2) that the note was without consideration; and (3) that it was given under compulsion and coercion. The court heard the evidence and gave judgment to the defendant on the grounds of want of consideration and the failure of the plaintiff to deliver or tender delivery of the soda fountain units to defendant. The plaintiff has appealed.

In its amended assignments the plaintiff says the court erred in its judgment, in that the contract between the parties does not require a tender or delivery of the soda fountain units in order to obligate the defendant to pay the agreed purchase price; and in that the plaintiff's promise to deliver the goods upon the order of defendant was a good and sufficient consideration; and in that plaintiff had fully performed on its part the terms of the contract and was entitled to recover on the note.

A statement of the facts of the case as made by the plaintiff in its brief, to which no objection is taken by the defendant and which after reading the evidence we are satisfied is correct, is, with some slight changes and deletions, as follows: On May 11, 1929, the partnership, E & G Fruit Juice Company, was engaged in the manufacture and sale of soft drinks in the city of Phoenix, and on that date it entered into a written contract with plaintiff under the terms of which the partnership agreed to buy, and the plaintiff to sell, ten soda fountain units, containing mechanical re-

frigeration or frigidaire coils, at the price of approximately $650 for each unit; and, if not paid for in cash when delivered, to be paid for one-third cash and balance in deferred payments, with title to remain in seller until fully paid for. One of such units was paid for and delivered. On September 4, 1929, the partnership having decided that the type of fountain contracted for as above was not suitable to their needs, communicated the fact to plaintiff, and on that date said original contract was modified so as to call for only four more fountains, to be built by plaintiff according to specifications; that is, they were to be changed from the mechanical refrigeration type to the direct icing type, and the price was also changed from $650 to $550 each.

On September 4th, and as a part of the same transaction, the plaintiff gave to defendant, who was acting for the partnership, the following agreement, receipt and acceptance:

"Received of the E & G Fruit Juice Co., composed of E. E. Etter and George Keith, Phoenix, Ariz., a note, in the sum of $2,500.00 made payable to E. E. Etter, by the General Citrus Stores Co. and signed by W. A. Larkins, Pres. and Julius Fried, Secy. dated July 1st, 1929, and payable July 1st, 1930.

"It is understood that this note is deposited as collateral security, against the purchase of four (4) Dispensing Units, being made for the E & G Fruit Juice Co., at the price of $550.00 each F. O. B. Los Angeles, Calif. Units to be shipped as ordered, and it is understood that the four (4) units are to be paid for, not later than April 1st, 1930, and that as each unit is shipped, it will be billed, and considered as part of Lease Sale Contract, and is to bear interest at the rate of 7% from date of shipment, until paid for.

"L. GRAUMAN SODA FOUNTAIN CO., INC.
"By C. C. ORNAUER.
"Accepted:
"E & G FRUIT JUICE CO.
"By EARL E. ETTER."

Under this new arrangement plaintiff very soon thereafter manufactured and delivered to the partnership one of the four units, and was subsequently paid therefor the agreed purchase price. The other three units the plaintiff completed, or practically completed, during September, 1929, but they have not been ordered out by the partnership, and are still in plaintiff's possession.

In January, 1930, the defendant, Etter, who was the owner of the $2,500 note pledged to plaintiff as collateral, appeared at plaintiff's office in Los Angeles, and after some negotiations, obtained the release of said collateral, and in lieu of the agreement of September 4, 1929, gave to plaintiff the following note and agreement:

"$1,650.00　　　　　　　Phoenix, Ariz. Jan. 16, 1930.

"On or before April 1st, 1930—after date We promise to pay to the order of L. Grauman Soda Fountain Co. Inc. Los Angeles, Calif. sixteen hundred fifty and 00/100—Dollars, payable at the office of L. Grauman Soda Fountain Inc. Los Angeles, Calif.

"It being understood, that in consideration of the release of a $2,500.00 note deposited as collateral security, we agree that the terms of original contract apply, and we are to remit against this note, before maturity, and should we order out balance of three units, or any part of the three, prior to April 1st, we are to remit the sum of $550.00 on each of such units so ordered out, at the time of ordering shipment made.

"With interest at the rate of 7%.

　　　　　　　"E & G FRUIT JUICE CO.
　　　　　　　　"By GEO. C. KEITH, Pres.
　　　　　　　　"By EARL E. ETTER."

The action is to recover on the last note and agreement.

Taking and construing together the contract of September 4, 1929, and its modification of January

16, 1930, it is made evident that plaintiff agreed to sell the partnership, and the partnership agreed to buy, four soda fountain units at the price of $550 each, to be paid for not later than April 1, 1930, but, if ordered shipped by the buyer prior to that date, to be paid for when ordered, the time of shipment being optional with the buyer. The contract of September provides "units to be shipped as ordered." The one of January 16th provides, "and should we order out balance of three units, or any part of the three, prior to April 1st, we are to remit the sum of $550 on each of such units so ordered out, at the time of ordering shipment made." Under these agreements there was no duty on the part of the plaintiff to deliver or ship said fountains, or any of them, until ordered by the partnership to do so. Since the partnership failed to order shipments, the plaintiff has not breached its contract. The partnership, however, has breached that provision of the contract wherein it agreed unconditionally to pay plaintiff the purchase price of the units "on or before April 1, 1930." It is also apparent that plaintiff did everything it had agreed to do. It had performed its agreement to the extent that it had been requested or permitted to perform.

The text in 55 Corpus Juris 348, section 338, lays down this rule:

"Where delivery is to be made at the buyer's option, the seller has no right to deliver and the buyer is not obliged to receive the goods until his option is exercised, it being the duty of the buyer to demand or notify the seller to make delivery."

And in the same volume, at page 313, section 304, it is said:

"In order to put the seller in default for nondelivery, a demand on the part of the buyer is usually necessary when the obligations of the parties are concurrent, as where no place or definite time for delivery is specified or where delivery at a fixed time

has been waived. A demand is also necessary where the goods are deliverable at a place designated by the buyer, or are to be called for by him . . . So where goods are deliverable on demand or order of or as required by, the buyer, the seller need not deliver or tender delivery until the goods are demanded or ordered . . . ''

And in section 305 thereof:

''A provision in a contract of sale for notice of the·buyer's readiness to receive the goods is a condition precedent to delivery.''

Section 2874, Revised Code of Arizona 1928, being a part of the Uniform Sales Act, independent of the general rules above stated, settles the duties, obligations and rights of the seller and buyer under contracts such as the one here under consideration. Such section reads:

''Where, under a contract to sell or a sale, the price is payable on a day certain, irrespective of delivery or of transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although the property in the goods has not passed, and the goods have not been appropriated to the contract. But it shall be a defense to such an action that the seller at any time before judgment in such action has manifested an inability to perform the contract or the sale on his part or an intention not to perform it.''

No defense of the character suggested in said section was made. The plaintiff's agreement to manufacture the fountain units and to deliver or ship them to the partnership upon the latter's order was a sufficient consideration for the partnership agreement to pay for them. 13 C. J. 315, §§ 150 and 170.

''Of course, the seller [plaintiff] cannot have both the purchase price and the property; he must, when the time arrives for him to perform his part of the contract, make the delivery.'' *Gourd* v. *Healy,* 176 App. Div. 464, 163 N. Y. Supp. 637.

The defendant makes the point in his brief that the court erred in the admission of certain evidence on the ground that it varied from the pleadings and pertained to agreements not in issue. Defendant did not appeal and has not assigned such rulings as erroneous.

He also says that there is "no proof in the record that anything is due on the note in suit." It was proven at the trial that the plaintiff was in the possession of the note and was the owner and holder of it, and this raised a presumption that it had not been paid. *Perot* v. *Cooper*, 17 Colo. 80, 28 Pac. 391, 31 Am. St. Rep. 258; *Morris* v. *Calumet & C. Canal & Dock Co.*, 195 Ill. 101, 62 N. E. 813; *Levey* v. *Henderson*, 177 Cal. 21, 169 Pac. 673. Payment is an affirmative defense, and, if the note had been paid, it was incumbent upon defendant to prove it. 21 R. C. L. 119, § 131.

Defendant complains, not that plaintiff was permitted to amend its assignments of error, but of the extent of such amendments. The original assignments were two, and both were defective, in that they did not "distinctly specify each ground of error relied upon and the particular ruling complained of," as required by the rules of this court. Rule XII. The amended assignments were seven in number, but they all were directed at the court's rulings to the effect that the soda fountain units must have been delivered or tendered, otherwise there was no consideration for the note. The amendment was within the order of the court allowing it.

The judgment is reversed and the cause remanded, with directions that judgment be entered for plaintiff for the face of the note, interest and costs.

McALISTER, C. J., and LOCKWOOD, J., concur.