JON–T FARMS, INC., Appellant,

v.

PERRYTON EQUITY EXCHANGE, Appellee.

No. 8860.

Court of Civil Appeals of Texas, Amarillo.

May 22, 1978.

Rehearing Denied June 19, 1978.

Prappas, Moncure, Harris & Termini (B. Edward Williamson), Houston, for appellant.

Lemon, Close, Atkinson, Shearer & McCutcheon (Otis C. Shearer), Booker, for appellee.

ROBINSON, Chief Justice.

Seller Perryton Equity Exchange sued buyer Jon-T Farms alleging a breach of Jon-T Farm's agreement to purchase milo. The trial court entered judgment on the verdict for plaintiff. Defendant Jon-T appeals. Affirmed.

On September 23, 1974, the parties made an oral contract for the sale of milo. The oral contract was reduced to writing in Confirmation of Sale No. 4407, which provided in part:

The Buyer understands and agrees that this instrument is a contract of sale and that Buyer is obligated to purchase and take delivery of the amount of grain herein specified for the price and upon the terms herein specified and that Equity is obligated to deliver such grain on the date, or dates, indicated and upon the terms herein specified and that the failure of Buyer to take delivery of such grain and to pay the agreed price for same shall constitute a breach of this contract.

The contract did not specify a delivery date; however, the contract provided for a carrying charge after January 1, 1975, and stated that the milo was not to be carried past April 1, 1975.

On January 13, 1975, Leroy Carter, Assistant General Manager of Perryton Equity, called Dale Wiley, who executed the contract for Jon-T, to ask if Jon-T was ready for delivery on the contract. Carter

testified that Wiley said that they were not ready and that Jon-T would notify Perryton Equity when they would be ready to pick the grain up. Carter also testified that he notified Wiley at that time that the grain was available. It is undisputed that no further contact between the parties concerning Contract No. 4407 occurred between January 13, 1975, and April 1, 1975. After April 1, 1975, Perryton Equity Exchange gave notice to Jon-T and sold the milo to other buyers, sustaining a loss because of a decline in the market price.

Perryton Equity Exchange instituted this action to recover the difference between the contract price and the resale price, alleging that Jon-T breached the contract by failing to take delivery of the grain by April 1, 1975, and by failing to pay the agreed price.

Jon-T answered, alleging, *inter alia,* that Perryton Equity had not tendered delivery of the grain.

Perryton Equity replied by supplemental petition. It alleged that the written confirmation of sale was supplemented by a course of dealing under prior contracts by which Jon-T would communicate to Perryton Equity that Jon-T wanted to start picking up grain on a particular contract on a certain date. Perryton Equity would then load the trucks free on board at its elevators. Perryton Equity also alleged an agreement by Jon-T in January 1975 that Jon-T would get back in touch with Perryton Equity when it wanted to start taking delivery under Confirmation of Sale 4407. Perryton Equity alleged that Jon-T never communicated to Perryton Equity that it would take delivery or pay the agreed price and that Perryton Equity was thus entitled to suspend its own performance and was not required to go through the useless act of tendering delivery.

Jon-T then affirmatively pleaded that the course of dealing and the January 1975 agreement, alleged by Perryton Equity, violate Sections 2.201, 2.202 and 2.209 of the Texas Business and Commerce Code. Jon-T has raised no question on appeal related to this affirmative plea.

The case was tried to a jury which made the following findings to correspondingly numbered issues:

1(a). Jon-T and Perryton Equity Exchange agreed on January 13, 1975, that Jon-T would notify Perryton Equity Exchange when Jon-T would take delivery under the contract.

1(c). Jon-T failed to notify Perryton Equity Exchange when Jon-T would take delivery under the contract.

1(d). By such failure to notify, Jon-T committed an anticipatory repudiation of the contract.

1(e). Such anticipatory repudiation impaired the value of the contract to Perryton Equity Exchange.

1(f). When Jon-T repudiated the contract, Perryton Equity Exchange was ready, willing and able to perform the contract.

Special Issue No. 1(b) inquired if there was a course of dealing between the parties that amounted to an agreement that Jon-T would notify Perryton Exchange of the time that it would take delivery under the contract in question. This issue was not answered by the jury because the duty of the jury to answer was conditioned on a failure to find the agreement to notify inquired about in Special Issue No. 1(a).

The trial court entered judgment on the verdict. On appeal Jon-T challenges the judgment only on the grounds of the legal and factual insufficiency of the evidence to support the jury answer to Special Issue 1(d). Jon-T asserts that a failure to notify cannot be an anticipatory breach as a matter of law. Jon-T does not challenge the other jury findings, including findings that it agreed to notify Perryton Equity when it would take delivery under the contract and that it failed to do so.

Perryton Equity contends that the judgment is supported by the unchallenged jury findings. If Perryton Equity is correct in its contention, the answer to Special Issue 1(d) is immaterial and we will not reach Jon-T's points of error with regard to it in

determining this appeal. Therefore, we first consider whether under the unchallenged findings, considered with the uncontroverted facts, Jon-T breached the contract by failing to take delivery of the grain by April 1, 1975, and by failing to pay the agreed price.

It is undisputed that Jon-T did not take delivery or pay for the grain. Nevertheless, the general rule is that tender of delivery is a condition to the duty to accept the goods. Tex. Bus. & Comm. Code Ann. § 2.301 (Tex. U.C.C.1968). The question for determination in the case before us is whether tender of delivery was excused by Jon-T's failure to notify Perryton Equity that it was ready to receive the grain. Section 2.311 of the Business and Commerce Code addresses the problem which occurs when the contract leaves particulars of the performance to be specified by one of the parties and the specification is not made. The Code provides:

§ 2.311. Options and Cooperation Respecting Performance

\* \* \* \* \* \*

(c) Where such specification would materially affect the other party's performance but is not seasonably made or where one party's cooperation is necessary to the agreed performance of the other but is not seasonably forthcoming, the other party in addition to all other remedies
(1) is excused for any resulting delay in his own performance; and
(2) may also either proceed to perform in any reasonable manner or after the time for a material part of his own performance treat the failure to specify or to cooperate as a breach by failure to deliver or accept the goods.

This provision of the Code is consistent with the general rule in 77 C.J.S. Sales § 138 as follows:

Compliance with a provision in a contract of sale for notice of the buyer's readiness to receive the goods is a condition precedent to delivery. If the contract provides for the giving of directions in respect of the manufacture of the goods, or requires shipping directions to be given by the buyer, such conditions must be complied with unless waived; and failure to order or give shipping directions is a breach of the contract on the part of the buyer.

The duty of the buyer where he is to fix the time of delivery is discussed in 67 Am. Jur.2d *Sales* § 326 as follows:

Where the buyer is given an option to fix the time or place of delivery, he must give due notice to the seller of his exercise of this option, and the seller is under no obligation to tender the goods in order to hold the buyer liable for a breach of the contract, although he must have the goods in readiness for delivery in order to hold the buyer so liable.

The general rule was applied by the court in *Bell v. Hatfield,* 121 Ky. 560, 89 S.W. 544 (Ky.Ct.App., 1905). In that case a contract for the sale of cattle required delivery on a certain day or a few days thereafter, the buyer to notify the seller of the day when he would receive the cattle. The court held that a tender by the seller was not a condition precedent to an action for breach of contract, the buyer not having designated any day. Among other cases applying the rule are *L. Grauman Soda Fountain Co., Inc., v. Etter,* 41 Ariz. 151, 16 P.2d 417, 419 (1932) and *Internatio-Rotterdam, Inc., v. River Brand Rice Mills, Inc.,* 259 F.2d 137, 140 (2d Cir. 1958). *See also Fortson Grocery Co. v. Pritchard Rice Milling Co.,* 220 S.W. 1116 (Tex.Civ.App.—Texarkana 1920, writ ref'd).

Applying the foregoing authorities to the case before us, we are of the opinion Perryton Equity was not required to tender delivery until Jon-T notified Perryton Equity that it was ready for delivery and that the uncontroverted facts together with the unchallenged findings of the jury support the judgment of the trial court. The judgment is accordingly affirmed.